# HENRY DITMAN ET AL.

## v.

## MARY CLYBOURN.

1. DEEDS — DESCRIPTION IN — AMBIGUITY.—Where a description in a deed which is plain and unambiguous in its terms, is preceded or followed by a clause that is ambiguous and uncertain, the latter must be rejected, and the former prevail. So, where a deed describing the whole of a certain section, except seventy-five acres "before mentioned," and the only mention that had been made of seventy-five acres, was "also the undivided part of seventy-five acres in a certain piece or parcel of land, situated as aforesaid in the S. E. ¼ of Sec. 32, T. 40, N. R. 14 E. containing 160 acres," *held*, that the excepting clause being void for uncertainty, would be rejected, and the deed would stand as a conveyance of the whole section without an exception.

2. DOWER.—The grant being construed as a conveyance of the whole section without an exception, and appellee having joined with her husband in such conveyance, releasing her dower, her entire interest in the whole tract was conveyed, and she is not entitled to dower.

ERROR to the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding. Opinion filed December 8, 1879.

Messrs. GOUDY, CHANDLER & SKINNER, for appellants; that if it is possible to ascertain the land intended to be conveyed, the deed will be sustained, and for this purpose part of the language may be rejected as surplusage, cited Myers v. Ladd, 26 Ill. 415.

Where there is a latent ambiguity, evidence *aliunde* will be received to explain it: Dougherty v. Purdy, 18 Ill. 206; Clark v. Powers, 45 Ill. 283; Billings v. Kankakee Coal Co. 67 Ill. 489.

But where there is no ambiguity the language of the deed will control: Colcord v. Alexander, 67 Ill. 581; Smith v. Crawford, 81 Ill. 296.

Where the description is uncertain and incapable of application to any property, it is void: Carter v. Barnes, 26 Ill. 454; Shackleford v. Bailey, 35 Ill. 387.

The exception being void, it should be rejected as surplusage: Winchell v. Edwards, 57 Ill. 49.

Messrs. SHUFELDT & WESTOVER, for appellees; that the description in the mortgage, except as to the ten acres, is wholly void for uncertainty, cited Laflin v. Herrington, 16 Ill. 301; Hughes v. Streeter, 24 Ill. 647; 2 Hilliard on Real Property, 541.

WILSON, J. This was a petition filed in the Superior Court of Cook county, by appellee, Mary Clybourn, widow of the late Archibald Clybourn, for dower in the undivided one-half of the southeast quarter of section thirty-two, township forty north, range fourteen, east of the third principal meridian, excepting therefrom ten acres, known as the "Ludby tract," to which reference will be made hereinafter. The property in which Mrs. Clybourn claims dower is embraced in "Sheffield's addition to Chicago," which was divided into blocks and lots many years ago, and is now mostly covered with buildings. A large number of persons—upwards of five hundred—were made parties defendant to the petition, but by subsequent dismissals, the number remaining at the time of the hearing was comparatively few. Upon the final hearing a decree was rendered giving Mrs. Clybourn dower, as prayed for in her petition.

The defendants bring the case here, and assign one error only: That the court erred in finding a right of dower in the petitioner, and in entering a decree therefor in her favor.

In order to a proper understanding of the case, it may be useful to give a concise history of the title to the quarter-section in question, as shown by the abstract of title, appearing in the record.

This quarter was entered at the United States Land Office

by John Ludby and William Bennett, and the usual receiver's receipt issued to them December 27th, 1834, and a patent was granted to them, dated March 16, 1837.

On February 9th, 1835, Ludby and wife and Bennett and wife conveyed the entire quarter-section, by warranty deed, to Archibald Clybourn.

February 20th, 1835, Clybourn and his wife conveyed to John Ludby, by warranty deed, ten acres of the quarter, situated on the northeast side of the north branch of the Chicago river, and described in the deed as follows: " Beginning on the south line of said section, at a point two rods west from the east bank or margin of said north branch of said river; running thence east 40 rods; thence north 40 rods; thence west to the east bank of said north branch; thence southerly, along the margin of said north branch of said river, to the place of beginning." This deed was recorded August 29th, 1835. Clybourn was then the owner of the entire southeast quarter, except this ten-acre Ludby tract.

On August 17th, 1835, Clybourn and his wife, by warranty deed, conveyed to Hiram Pearson the equal undivided one-half of said southeast quarter, except the Ludby ten acres— in other words, the equal undivided one-half of one hundred and fifty acres, the title to which, by subsequent *mesne* conveyances, became vested in Joseph E. Sheffield. The interest of Clybourn in the southeast quarter was now one undivided half of one hundred and fifty acres.

On the 16th day of February, 1836, Ludby and wife re-conveyed to Clybourn the " Ludby ten acres." The title to the quarter-section then stood as follows : Archibald Clybourn was the owner of the Ludby ten acres, and also of the undivided one-half of the remaining one hundred and fifty acres; and Hiram Pearson, or his grantees, was the owner of the other undivided half of the one hundred and fifty acres.

On the 7th day of June, 1836, and when the title to the quarter-section stood as last above stated, Archibald Clybourn and his wife, the complainant below, executed a mortgage to Arthur Bronson, to secure the payment of $7,500, and interest thereon, according to the condition of a bond, in the penal sum

Ditman v. Clybourn.

of $15,000. The mortgage was duly executed and acknowledged by Clybourn and his wife, with release of her dower, and was recorded in the recording office of Cook county, Illinois, soon after its execution. The description of the land as set forth in the mortgage, is as follows:  "The N. E $\frac{1}{4}$ of section 32, T. 40, N. R. 14, E. of 3d P. M.; also, the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of said section 32; also, *the undivided part of 75 acres in a certain other piece or parcel of land,* situated as aforesaid, in the *S. E. $\frac{1}{4}$ of section 32, T. 40, N. R. 14 E., containing 160 acres.* Also the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 32 aforesaid, containing 80 acres. Also the S. W. $\frac{1}{4}$ of section 32 aforesaid. Also the ten acres on the N. E. side of the north branch of the Chicago river, known as the 'Ludby ten acres,'" describing the same by metes and bounds, then adding, *"and which said before described pieces or parcels of land comprise the whole of section 32, T. 40, N. R. 14, E. of the 3d P. M., except as before mentioned—this quantity 75 acres."*

It is contended by the counsel for Mrs. Clybourn that the descriptive words which we have quoted above and italicised, are void for uncertainty, and are meaningless; that the mortgage description as to any part of the southeast quarter of section thirty-two, except as to the Ludby ten-acre tract, is wholly void for uncertainty; and that, as it purports to convey an undivided part of a tract, without location or boundaries, there is nothing in the mortgage from which it can be determined whether it be an undivided half or third, or other part, or where it is located. On the other hand, counsel for appellee contend that on the face of the deed, taken in connection with the history of the title, as disclosed by the abstract, there is sufficient certainty in the description of the property conveyed by the mortgage to show what property was intended; that as Clybourn and wife had previously conveyed an undivided half of 150 acres to Hiram Pearson, and had conveyed away no other part of that quarter section, he was the owner of the other undivided half of 150 acres, and also of the Ludby ten acres; and as he expressly declared in the mortgage, the whole of section 32, except the before mentioned 75 acres in the southeast quarter, it is plain that he intended to and did embrace in the

mortgage his entire interest in section 32, as it was shown by the abstract of title.

While we incline to the view of appellant's counsel in relation to the construction of the Bronson mortgage, we refrain in the present suit from expressing a definite opinion on that branch of the case. But, adopting the views urged by appellee's counsel in relation to the excepting clause hereinabove quoted, and treating it as being void for uncertainty, as he claims it is, it seems to us to present a fatal obstacle to the claim of Mrs. Clybourn for dower, and to place her in a dilemma from which there is no escape.

It is clear that the Bronson mortgage conveys the whole of section thirty-two, unless a part of it is reserved by the excepting clause above referred to. The mortgage enumerates the several parcels of land composing the entire section, and at the close of the enumeration it declares that it conveys " the whole of said section, except as before mentioned, this quantity of 75 acres." Now the only 75 acres that had been mentioned before were mentioned in the clause, " also the undivided part of 75 acres in a certain piece or parcel of land situate as aforesaid, in the S. E. ¼ of Sec. 32, T. 40, N. R. 14 E., con'aining 160 acres." But this clause is, as insisted by appellee's counsel, null and void for uncertainty. If void, it must be rejected as surplusage. It is a familiar rule in the construcon of deeds, that where a description which is plain and unambiguous in its terms, is preceded or followed by a clause that is ambiguous and uncertain, the latter must be rejected, and the former prevail. Cutter v. Tuffts, 3 Pick. 272; Lee v. Sprague, 4 Ib. 54.

The words of grant in this mortgage are plain and unambiguous. They convey the entire southeast quarter section, with an exception. The excepting clause, if valid, would qualify and limit the grant according to the terms of the exception; but if the excepting clause be so ambiguous and uncertain as to be void, the exception falls, and the general words of grant stand. If, therefore, the excepting clause in this mortgage is void, the instrument stands as if the excepting clause had never been inserted. The grant of the southeast quarter must,

then, be read with the excepting clause left out; and reading it thus, it follows that the entire interest of Clybourn and his wife to the land in question passed to Bronson under the mortgage. Appellee's counsel urges that all the clauses of the mortgage must be read together. Certainly they must be; but we are unable to perceive how such a reading can benefit appellee, unless the court is also required to reverse the legal rules of construction, and hold that clauses in a deed which are void for uncertainty must prevail over clauses that are plain and unambiguous.

The mortgage to Bronson, in the execution of which Mrs. Clybourn duly joined with her husband, with release of her dower, having been foreclosed, and the title to the lands therein described having ripened into a title in fee simple absolute in the purchaser, the dower of Mrs. Clybourn was barred.

We have not referred specially to the Pearson undivided half of the 150 acres of the southeast quarter section in question, because the record shows that it was conveyed August 14th, 1835, to Pearson, by Clybourn's warranty deed, in the execution of which Mrs. Clybourn duly joined.

For the reasons above stated, the decree of the court below must be reversed.

Decree reversed.