EBENEZER T. GALLAHER *et al.*

*v.*

THOMAS HERBERT.

*Filed at Ottawa May 15, 1886.*

1. DEEDS—*rule of construction—as, whether a covenant or a condition.* In the construction of deeds, courts will always incline to interpret the language as a covenant, rather than as a condition.

2. SAME—*whether a condition subsequent.* A father conveyed a tract of land to his son, in consideration of love and affection, and the payment by the latter to the former of $200 a year as long as the grantor should live, payable on the first day of March of each year, and the further consideration that the grantee should not, during the grantor's life, sell or convey the premises; and the grantee released all his interest in the estate as prospective heir, etc. These matters were all set forth in the deed itself. The son failed to make

the annual payments, and incumbered the land by mortgage and by suffering judgments to go against him, when the grantor filed his bill to have the conveyance set aside for non-performance by the grantee, as for the breach of a condition subsequent: *Held*, that there was no condition subsequent, and that the grantor was not entitled to have his deed set aside, but only entitled to the money therein provided for, with interest, and to have a lien declared in his favor for the payment of the $200 annually. The words "upon condition," or other words of equivalent meaning, did not occur in the deed; nor was there a clause providing that the grantor might re-enter in any event, and these are the usual indications of an intent to create a condition subsequent.

3. FORFEITURE—*for breach of condition subsequent—the doctrine in equity.* A court of equity, as a rule, will never lend its aid to divest an estate for a breach of a condition subsequent, but where a compensation can be made in money, it will relieve against such forfeiture, and compel the party to receive a reasonable compensation in money.

4. NOTICE—*from registry of deed.* The record of a deed to a party for land will be notice to all persons thereafter dealing with him, or acquiring judgments against him, of all the reservations contained in the deed in favor of the grantor. If such deed obligates the grantee to pay the grantor a yearly sum of money during his life, it will constitute a lien on the land prior to that of others holding claims against the grantee.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding.

This was a bill in equity, in the circuit court of La Salle county, by Thomas Herbert, in which he alleged that, being enfeebled by age, he was induced, by the persuasions of his son, Patrick Herbert, to execute and deliver to him a deed, of which the following is a copy:

"This indenture, made this 21st day of August, A. D. 1871, between Thomas Herbert, of the county of La Salle, and State of Illinois, party of the first part, and Patrick Herbert, of the same county, party of the second part, witnesseth: That said party of the first part, for and in consideration of the love and affection which he has and bears towards the said Patrick Herbert, as well as the sum of one dollar in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, and the further consideration of the payment of

$200 by the party of the second part to the party of the first part, on or before the first day of ·March in each and every year, commencing on the first day of March, A. D. 1872, and continuing thereafter during the natural life of said Thomas Herbert, and the further consideration that the said party of the second part shall not, during the ·lifetime of the said party of the first part, bargain, sell and convey any part of the lands, tenements or hereditaments hereinafter mentioned, hath granted, bargained and sold, and by these presents doth grant, bargain and sell unto the said party of the second part, his heirs and assigns, all the following described lot, piece or parcel of land situated in the town of Allen, in the county of La Salle, and State of Illinois, to-wit: The north-east quarter of section 2, town 31 north, range 5, east of the third principal meridian, containing $160\frac{85}{100}$ acres, more or less, and subject to all public easements now on the same, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever of the said party of the first part, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances, to have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, his heirs and assigns forever. And the said Patrick Herbert, party of the second part, hereby expressly waives, releases and relinquishes unto the said party of the first part, his heirs and assigns, executors and administrators, all right, title, claim, interest and benefit whatever, either in law or equity, in and to the entire estate, both real and personal, of the said party of the first part, which he may or can have by reason of his relation of son and heir to the said party of the first part. And the said party of the first part, for himself, his heirs, executors and administrators, does covenant,

bargain and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivering of these presents he is well seized of the prem, ises above conveyed, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in law, and in fee simple, and has good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, and that the same is free and clear from all other and former grants, bargains, sales, liens, taxes, assessments and incumbrances, of what kind or nature soever, and the above bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all and every person or persons lawfully claiming, or to claim, the whole or any part thereof, the said party of the first part shall and will warrant and forever defend.

"In testimony whereof said parties hereunto set their hands and seals, etc.        THOMAS HERBERT,        [Seal.]

PATRICK HERBERT.        [Seal.] "

The deed was properly acknowledged, and on the next day duly recorded in the proper record of La Salle county.

The bill then alleges "that said Patrick Herbert induced your orator to execute and deliver said contract or deed to him by reason of false and fraudulent representations that he, Patrick Herbert, would fully, fairly and honestly fulfill and perform the terms and conditions of said contract or deed to be by him fulfilled and performed; that your orator executed said contract or conveyance to said Patrick upon the reliance that said Patrick would fairly, fully and honestly perform his part thereof, and with the belief and expectation that said Patrick would so do; but now, so it is, said Patrick has not performed or lived up to said contract or conveyance, or to any of the terms or conditions by him to be performed; that said Patrick accepted said conveyance upon the day of the date thereof, and immediately thereafter entered upon and took possession of said premises, and ever since has held and still holds the

same; that said Patrick Herbert has for several years last past wrongfully failed and refused to pay your orator said yearly sum of $200, nor has he paid the taxes levied against said premises; that by a pretended deed of mortgage, dated October 1, 1878, he bargained, sold and conveyed said premises to one William S. Jackson, all of which acts were in violation of the terms and conditions of said contract or conveyance, and a gross fraud upon your orator; that said pretended mortgage to said Jackson was executed by said Patrick Herbert, and Kate, his wife, to secure to said Jackson a pretended sum of $1000, due in three years from date of said pretended mortgage, with interest at ten per cent, payable annually, which pretended mortgage was recorded in book 191, at page 572, of records, in the recorder's office of said La Salle county; that your orator now believes said Patrick fraudulently induced your orator to execute to him said contract or conveyance, with the intention and design, on his part, of never performing or complying therewith, and simply for the unconscionable purpose of getting control of said premises, and thereafter defeating and defrauding your orator in all your orator's rights reserved in said conveyance, and that it would be unconscionable longer to permit said conveyance to exist or said Patrick to retain said premises; that said Patrick now owes your orator said yearly sum of $200 for and during several years last past, and has suffered to become delinquent the taxes upon said premises during several years last past, and, although requested by your orator to pay said yearly amounts and said taxes, said Patrick has neglected and refused to pay the same, to the wrong and injury of your orator and in violation of the spirit and terms of said conveyance; that said pretended mortgage to said Jackson was and is absolutely without authority upon the part of said Patrick, and is in violation of the spirit and expressed letter of said conveyance, and is a fraud upon the reserved rights of your orator, and a cloud upon the title of

said premises; that said Patrick is a man of no pecuniary responsibility whatever, and any suit at law brought against him for the recovery of any annual payments aforesaid, would be unavailing; that said Jackson had notice of said contract or conveyance prior to the making of said pretended mortgage, and has acquired no rights by virtue of said mortgage; that said Patrick has not for years, and does not now, work said premises in a husbandlike manner, by reason whereof said premises have become greatly lessened in value; that said deed was taken by said Patrick for the purpose of defrauding your orator, and to further such purpose said Patrick has fraudulently failed to comply with the terms thereof, wherefore said deed has become forfeited, and your orator is entitled to have the same set aside, and said pretended mortgage declared null and void. Said Patrick Herbert, Kate Herbert and William S. Jackson are made parties defendant, oath to answers waived, and prayer that said deed to said Patrick may be decreed forfeited and set aside, and that said mortgage may be set aside as a cloud upon your orator's title, and your orator may have possession of said premises, and for other and further relief," etc.

Patrick and Kate Herbert, though duly served with summons, made default, and a decree was entered against them *pro confesso*. The First National Bank of Marseilles, Hamilton, Holderman & Co., and Ebenezer T. Gallaher, judgment creditors of Patrick Herbert, were made defendants, on their petition, by order of the court.

The judgment creditors filed answers denying all fraud alleged in the bill against Patrick Herbert, and charging that the bill was not exhibited by the complainant in good faith, but that he and Patrick Herbert are colluding to have the conveyance set aside for the purpose of defrauding them and other creditors of Patrick, and setting up their respective judgments.

The note by Patrick Herbert to Jackson, secured by the mortgage, was assigned to Gallaher in 1878, and Gallaher filed a cross-bill in the case praying a foreclosure of the mortgage. Answer was filed to the cross-bill, denying the validity of the mortgage, and replications were filed to the several answers. While the suit was pending, the First National Bank of Marseilles bought one hundred and thirty-one acres of the land, at a sale under a *pluries* execution issued on the judgment in its favor, and received from the sheriff a certificate of sale.

On the hearing, the court held the mortgage and several judgments fraudulent as to complainant, decreed that the cross-bill be dismissed, and that the conveyance by complainant to Patrick Herbert be set aside. Errors are assigned questioning the rulings of the court in thus decreeing. The case comes to this court by the appeal of the First National Bank of Marseilles and Ebenezer T. Gallaher.

Messrs. MAYO & WIDMER, for the appellants:

For a breach of a condition subsequent a court of equity will not lend its aid to divest the estate, but, on the contrary, will relieve against it. 4 Kent's Com. *130.

The conveyance is, on the part of appellee, an executed, not an executory, contract; and though the clauses referred to may be covenants on the part of Patrick Herbert, and the contract as to him be executory in part, there can be, for the breach of the covenants, no rescission of such conveyance by a court of equity, on the application of the covenantee, unless the transaction is tainted with actual fraud. *Beebe* v. *Swartwout*, 3 Gilm. 162; *Abbott* v. *Allen*, 2 Johns. Ch. 519; *Chesterman* v. *Gardner*, 5 id. 31.

To warrant the court in setting aside a deed on the ground of fraud, the evidence must be clear and satisfactory. *Walker* v. *Hough*, 59 Ill. 375; *Sisters, etc.* v. *Catholic Bishop*, 86 id. 171; *Willemin* v. *Dnnn*, 93 id. 511.

This case is quite unlike *Frazier* v. *Miller*, 16 Ill. 48, and *Oard* v. *Oard*, 59 id. 46. There the circumstances showed that the contracts were entered into by the grantees with a fraudulent intent, and then the grantors conveyed all their property.

Does the clause in the deed not to alienate, create a condition annexed to the estate granted, or is it a covenant on the part of the grantee? There is no clause of re-entry, and the deed contains no apt words to make a condition that will work a forfeiture. Shep. Touch. 121.

Whenever the words can be construed indifferently as a covenant or a condition, courts will always incline to construe them as the former rather than the latter. *Board of Education* v. *Trustees*, 63 Ill. 204; *Hoyt* v. *Kimball*, 49 N. H. 326; *Thornton* v. *Trumond*, 39 Ga. 202; 4 Kent's Com. \*132.

It is held by good authorities that a condition or restriction which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void. *Mandlebaum* v. *McDowell*, 29 Mich. 78; *McCleary* v. *Ellis*, 54 Iowa, 311; *De Peyster* v. *Michael*, 6 N. Y. 467; *Newkirk* v. *Newkirk*, 2 Caines, 345.

It is safe to say such a restraint will be confined to the very letter of the deed imposing it. *Voris* v. *Renshaw*, 49 Ill. 425. See, also, *Brothers* v. *McCurdy*, 36 Pa. St. 407; *Lynde* v. *Hough*, 27 Barb. 415.

Appellee could not lawfully annex to such an estate as he conveyed to Patrick Herbert, a qualification that the property should not be liable to the debts of the latter. (*Blackstone Bank* v. *Davis*, 21 Pick. 42; *McCleary* v. *Ellis*, 54 Iowa, 311.) Nor has he attempted to do so. A condition or covenant not to alien, is not broken where it is done *in invitum*, as by a decree in bankruptcy, or under an execution, or other assignment in law. *Voris* v. *Renshaw, supra;* 1 Washburn on Real Prop. chap. 10, sec. 3, p. \*317; *Dumpor's case*, 1 Smith's L. C. \*21, notes.

An estate upon condition does not revest in the bargainer on breach of the condition, without entry. *Fitzwilliam's case,* 6 Coke, 34; Coke on Littleton, 218 a; 1 Washburn on Real Prop. chap. 14, p. *452.

No such entry has been made by appellee, and he is not entitled to the aid of a court of equity to divest the estate for breach of a condition subsequent, and thereby enforce a forfeiture to the prejudice of these creditors. 2 Story's Eq. Jur. sec. 1319; 4 Kent's Com. *130; *Smith* v. *Jewett,* 40 N. H. 534.

Messrs. DUNCAN & O'CONNER, for the appellee:

As the conveyance in effect provides for the support of the grantor during his life, it comes within the principle announced in *Frazier* v. *Miller,* 16 Ill. 48.

The undertaking of Patrick was, in effect, that he would contribute $200 per year to the support of his father; and his failure to do so, in utter and reprehensible abandonment of his agreement, is enough to warrant a court of equity in finding that he obtained the conveyance, in the first instance, with fraudulent intent and purpose. *Oard* v. *Oard,* 59 Ill. 46; *Jones* v. *Neely,* 72 id. 449.

We do not consider it of any moment whether the clauses in the deed to pay the grantor the annuity, and not to alien, are conditions or merely covenants. The Supreme Court of Indiana has held a similar clause a condition subsequent. *Leach* v. *Leach,* 4 Ind. 628.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case is quite different in its facts from *Frazier* v. *Miller,* 16 Ill. 48, *Oard* v. *Oard,* 59 id. 46, and *Jones* v. *Neely,* 72 id. 449, cited by counsel for appellee. In each of those cases the grantor conveyed in consideration that the grantee undertook to furnish a home for the grantor, and take care of him and support him during life. The consideration could not be

measured by dollars and cents. The personal kindness and numerous delicate attentions demanded by the age and condition of the grantors in those cases, and that they might expect from the affections of the grantees, are not marketable commodities, and it was therefore impossible, by mere money compensations, to make the grantors whole. What they had given their property for they had not received and they could not receive, and the circumstances justified the conclusion that the grantees, when they obtained the deeds, did not intend to perform the contracts. In this case the grantor contracted for nothing but the payment of money,— $200,—on the first day of March in each and every year, commencing on the first day of March, A. D. 1872, and thereafter during the natural life of the grantor, and the release by the grantee of the interest he otherwise would have in the estate of the grantor, upon his death, as one of his heirs at law. This release was conclusive upon the grantee, (*Kershaw v. Kershaw*, 102 Ill. 307,) and the payment to the grantor of $200 on the first day of March in each and every year, from the designated period, during his natural life, would give him all that he bargained for and ever expected to receive. As to the payments now over-due, interest will, in legal contemplation, compensate for their non-payment.

In the construction of deeds, courts will always incline to interpret the language as a covenant, rather than as a condition. *Board of Education v. Trustees*, 63 Ill. 204.

There is nothing in the form of the language here employed to indicate that it was intended the conveyance was upon a condition subsequent. The words, "upon condition," do not occur, and there are no other words of equivalent meaning. There is no clause providing that the grantor shall re-enter in any event, and these are the usual indications of an intent to create a condition subsequent. Sheppard's Touchstone, (6th ed.) 118. The rule is, a court of equity will never lend its *aid* to divest an estate for a breach of a condition subse-

quent. 4 Kent's Com. (8th ed.) 134, *130. But where a com-
pensation can be made in money, courts of equity will relieve
against such forfeitures, and compel the party to accept a reasonable
compensation in money. 2 Story's Eq. Jur. secs.
13, 15, *et seq.*

The language here is reasonably susceptible of the construction
that the parties only intended to secure the payment
of the $200 during the lifetime of the grantor, and it is
clear that much was intended. That was the only pecuniary
interest the grantor had in the question of whether the land
should be alienated or not during his lifetime. If alienated,
the grantee might not be able to pay the $200 per annum;
but if it could not be alienated during his lifetime, it was
ample security for the payment of the $200. The duty to
pay the $200, and the inability to alienate, go together. It
accomplishes the same result, does injustice to no one, and is
more in harmony with the general rules governing the alienation
of real property to hold that the grantor here retained
a lien on this land for the payment of the $200 annually, on
the first day of March, during his lifetime. The appellants
took whatever rights they may have, with notice, by the record
of the deed, of all its reservations in favor of the appellee,
(*Willis* v. *Gay*, 48 Texas, 463,—26 Am. R. 328,) and so theirs
are subordinate to his.

There is no proof of mental weakness in appellee, that he
was overreached in any way, or unduly persuaded to execute
the deed. From his own testimony, the grantee did not solicit
the making of the deed, dictate its provisions, or to the slightest
extent control or influence the transaction, by word or deed.
It is of appellee's own invention, as he says, just as he intended
it to be, and the wrong of the grantee is in not doing
what he obligated himself to do by accepting the deed.

The decree below is reversed, and the cause remanded, with
directions to that court to enter a decree in favor of appellee,
against the land in controversy, for the several unpaid annual

installments, of $200 each, with interest thereon from the time they were severally due, at the rate of six per cent per annum, and that the payment of $200 hereafter, annually, on the first day of March, during the life of appellee, be a lien on said land; and that in default of payment of such sums, the master in chancery proceed to make sale of the land, and that all interests and claims of appellants in said lands are junior and subordinate to the lien of appellee.

*Decree reversed.*