JOHN SPIERLING, Appellant, *vs.* THEODORE OHL, Appellee.

*Opinion filed February 20, 1908.*

RAILROADS—*a railroad may acquire fee by deed to land desired for right of way—right of company to sell.* A railroad company in good faith attempting to secure a right of way by condemnation may purchase from the defendant the strip of land desired, and if the latter conveys by warranty deed, without restriction or reservation, the company acquires a fee simple title, which it may convey to a third person when the land is no longer needed for railroad purposes.

APPEAL from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

J. B. MANN, for appellant:

A railroad company can only acquire land, whether by voluntary purchase or otherwise, for railroad purposes, as defined in its charter. It does not hold land as does the ordinary owner, with the right of using it for any purpose to which it may be adapted or with the right to sell it at the highest price which it may bring in the market. *Railroad Co.* v. *Chicago,* 149 Ill. 457.

When land is bought by a railroad company and is used as a right of way, its future use must be for the same and no other purpose. *Railroad Co.* v. *Chicago,* 149 Ill. 457.

Where land is acquired by a railroad company for right of way purposes by a deed from the owner pending a proceeding to condemn the land and in settlement of such proceeding, the conveyance cannot be deemed a voluntary one within the meaning of the law, and all of the restrictions as to user and conditions as to reverter attach to the land, the same as though the title had been acquired by the exercise of the right of eminent domain. *Railway Co.* v. *VanHoorebeke,* 191 Ill. 642.

The law writes into every deed conveying land for right of way purposes a condition that when its use for right of way purposes is abandoned the title reverts to the grantor. *Helm* v. *Webster,* 85 Ill. 116.

BUCKINGHAM & TROUP, for appellee:

The fee of lands taken for railroad tracks without the consent of the owners thereof shall remain in such owners, subject to the use for which taken. Const. art. 2, sec. 13.

Every corporation formed under the Railroad act shall have power to take and hold such voluntary grants of real estate and other property as shall be made to it in aid of the construction and use of its railway, and to convey the same when no longer required for the uses of such railway, not incompatible with the terms of the original grant. Hurd's Stat. chap. 114, sec. 20, par. 2.

A corporation authorized to take and hold land for the purposes for which it was created may take a grant of lands in fee. *Commissioners* v. *Mauran,* 5 Denio, 389; *Nicoll* v. *Railroad Co.* 12 N. Y. 136; *Heath* v. *Barmore,* 50 id. 307; *Railroad Co.* v. *Evans,* 72 Mass. 25; *Davis* v. *Railroad Co.* 131 id. 258.

When a corporation thus acquires land by a deed purporting to convey a fee and the land is no longer needed for its purposes it may sell and convey it. *Yates* v. *Van de Bogert,* 56 N. Y. 525; *Railroad Co.* v. *Evans,* 72 Mass. 25; *Chamberlain* v. *Railroad Co.* 19 S. E. Rep. 743

A deed to a corporation passes the title if the corporation has power to take and hold real estate for any purpose, and the question whether it exceeded its powers in accepting the conveyance can be raised only by the State. *Cooney* v. *Booth Packing Co.* 169 Ill. 370; *Barnes* v. *Suddard,* 117 id. 237; *Railroad Co.* v. *Keegan,* 185 id. 77; *Howell* v. *Land Co.* 73 id. 23; *Alexander* v. *Tolleston Club,* 110 id. 65; *Cowell* v. *Springs Co.* 100 U. S. 55; *Bank* v. *Matthews,* 98 id. 621; *Leazure* v. *Hillegas,* 7 S. & R. 313; Dillon on Mun. Corp. sec. 444; Jones on Real Property, sec. 169.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of ejectment brought by plaintiff to recover a strip of land 200 feet wide across a tract of land 356.4 feet wide. Plaintiff claimed title in fee. Defendant pleaded the general issue. By agreement of the parties the cause was tried by the court on a stipulation of facts, which was, in substance, that on March 14, 1905, plaintiff owned and was in possession of the lands described in the declaration; that prior to said date the Chicago and Southern Railway Company had filed a petition in the county court of Vermilion county to condemn said land for right of way; that on said March 14, 1905, plaintiff, by a statutory form of warranty deed, conveyed the land described in the declaration to said railroad company for the consideration of

$485, which was paid; that said railroad company took possession of said land under said deed and dismissed its petition, and on June 24, 1906, conveyed said land by warranty deed to defendant, who thereupon took possession and has so remained in possession, and that the defendant has not used, and does not intend to use, said land for railway purposes. Plaintiff asked the court to hold as propositions of law that the railroad company acquired by the conveyance nothing but the right to use the land for right of way purposes, and that its title was the same as if it had acquired the land by the exercise of the right of eminent domain; that upon the abandonment of the land by the railroad company the title reverted to plaintiff; that the law does not permit a railroad company to sell land it has acquired for right of way by purchase, and that when defendant accepted the conveyance from the railroad company he took it with notice of the law governing such transactions. These propositions the court refused, and held in propositions of law asked by defendant that the deed from plaintiff vested in the railroad company a fee simple title, and that the railroad company had a right to sell and convey the same and vest the title thereto in its grantee. No question was raised on the trial whether ejectment was the proper form of action or not. The court rendered judgment for defendant, and plaintiff has brought the case to this court by appeal.

So far as we are informed, this case presents a question that has not heretofore been presented to and passed upon by this court. Appellant relies upon *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago,* 149 Ill. 457, and *St. Louis and Belleville Railway Co.* v. *VanHoorebeke,* 191 id. 633, but the question here presented was not involved in either of those cases.

It will be observed from the stipulation of facts that the deed was the ordinary statutory form of warranty deed, purporting to convey to the railroad company the title in

fee simple, without any conditions or reservations. By section 13 of article 2 of the constitution it is provided that "the fee of land taken for railroad tracks, without consent of the owners thereof, shall remain in such owners, subject to the use for which it is taken," and appellant contends that a railroad company cannot acquire, by voluntary conveyance of the owner, any greater title than it would acquire by condemnation. While it appears that the railroad company sought to obtain the land for right of way purposes, the conveyance is not limited to such uses by the grantee, and unless the law prohibits a railroad company from acquiring, by purchase, title in fee simple to its right of way, this deed must be held to have vested in the grantee the fee simple title. In *Nye* v. *Taunton Branch Railroad Co.* 113 Mass. 277, after stating that the statutes of Massachusetts provided two methods of acquiring land by a railroad corporation, viz., first, by purchase from the owner, and second, by condemnation, the court said: "By the first method the corporation obtains a fee in the soil; by the second the land is condemned to a servitude, and an easement is created in the corporation, which may be permanent in its nature and practically exclusive. (*Hazen* v. *Boston and Maine Railroad Co.* 2 Gray, 574.) When it holds by the first it derives title solely from the deed. If the deed is without restriction, reservation or condition, the corporation may convey the land if no longer necessary for its purposes." To the same effect is *Enfield Manf. Co.* v. *Ward,* 76 N. E. Rep. 1053; and the doctrine of these cases is supported by *Yates* v. *Van de Bogert,* 56 N. Y. 526, *Hayward* v. *New York,* 7 id. 314, *Cincinnati, Indianapolis, St. Louis and Chicago Railway Co.* v. *Geisel,* 119 Ind. 77, and *Page* v. *Heineberg,* 40 Vt. 81.

Paragraph 2 of section 19 of the act providing for the incorporation of railroad companies confers power upon such companies "to take and hold such voluntary grants of real estate and other property as shall be made to it, in aid

of the construction and use of its railway, and to convey the same when no longer required for the uses of such railway, not incompatible with the terms of the original grant." When the land described in the declaration in this case was no longer desired by the railroad company for the use of its railway, it was not incompatible with the grant to it for said railroad company to convey the land. It is not questioned that the land was originally obtained by the railroad company in good faith for the use of its railway. The price paid for the land must be presumed to have been its full value. If, as we understand the law to be, the railroad company had authority to obtain a fee simple title to the land under the deed made to it by appellant, there was nothing to revert to him when the railroad company ceased to use the land for railroad purposes.

In discussing a similar question in 41 S. C. 399, the Supreme Court of that State said: "But assuming that the railroad company originally acquired the fee simple title by the payment of the purchase money under the decree of the court, it is still earnestly urged by the defendant corporation that as soon as the railroad company abandoned the purpose of extending their road down to deep water, the title to the land so purchased, and for which they had paid $10,000, was instantly rendered void; that the land reverted to the original owner; that there was nothing which the company could convey to a grantee who does not appear to have any connection with the railroad company, and that really no formal, technical proceeding to declare a forfeiture was necessary, and therefore, the plaintiffs having no title, it was proper to grant the non-suit. Was this error? It must be admitted that the authorities upon the subject are in some confusion, but keeping in mind that the railroad company originally acquired, not merely an easement, but the fee simple title, by purchasing the whole land for full value, we cannot clearly see upon what principle we may declare the company divested of their title, which is 'simply void,' and

that the land had reverted to its former owner. Reverted to whom? Certainly not to the representatives of Toomer, who sold the fee simple title for full value, leaving no interest of any kind whatever remaining. There could be no reverter to the original owner, for there was no reversionary interest, and none is claimed."

By his deed to the railroad company appellant parted with all his title to and interest in the land conveyed, present and future, and the trial court was right in rendering judgment for appellee, and that judgment is affirmed.

*Judgment affirmed.*