**CARTER OIL CO. v. WELKER et al.**
No. I–D.

District Court, E. D. Illinois.
Oct. 13, 1938.

Gunn, Penwell & Lindley, of Danville, Ill., for plaintiff.

Acton, Acton & Baldwin and Allen, Dalbey & Foremon, all of Danville, Ill., for defendants.

LINDLEY, District Judge.

The first question presented is that of the proper construction of the deed of Illinoi W. Hess, predecessor in the chain of title, to John F. Welker, July 25, 1912, to the Eastern Illinois and Peoria Railroad Company. The grantor was then the owner of the Northeast Quarter of the Northwest Quarter of Section 18, Township 7 North, Range 3 East of the 3rd P. M., in Fayette County, Illinois. On that date she executed and delivered the deed to the railroad company reciting that "in consideration of the benefits accruing to her by reason of the construction and operation of the railroad upon said land and of the sum of $250 in hand paid * * * she does hereby convey and warrant to Eastern Illinois and Peoria Railroad Company * * * as and for its right-of-way, a strip of land 100 feet wide, being 50 feet wide on each side of a line that has been surveyed and located across and upon * * *" the quarter section above described, "containing in all 3.34 acres more or less." Plaintiff insists that by said conveyance the railroad company received as grantee only a license to use the strip as a right-of-way. The defendants contend that, properly construed under the Illinois statute, the deed conveyed a title in fee simple.

By the Illinois statute (Ill.R.S.1937, chap. 30, § 12), it is provided that every estate, where lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or does not appear to have been granted, conveyed or devised by construction or operation of the law. In Illinois a railroad company is granted, by Ill.R.S.1937, chap. 114, § 20, sub. 3, power "to purchase, hold and use all such real estate and other property as may be necessary for the construction and use of its railway, and the stations and other accommodations necessary to accomplish the object of its incorporation, and to convey the same when no longer required for the use of such railway." Under this statute the Supreme Court has held that a railroad company receiving a conveyance of land for right-of-way in lieu of title by virtue of condemnation proceedings, in the absence of limitation, takes not a limited title but an estate in fee simple. Spierling v. Ohl, 232 Ill. 581, 83 N.E. 1068, 13 Ann. Cas. 430.

Under the first mentioned statute it is held that to create a limited estate there need be no express words of limitation but that it is sufficient if it appear by necessary implication that an estate less than a fee-simple estate was granted, Lehndorf v. Cope, 122 Ill. 317, 13 N.E. 505, and that the estate granted may be limited by construction or operation at law as well as by express words, Stoller v. Doyle, 257 Ill. 369, 100 N.E. 959. But it is the law of Illinois that where it can, without violating a settled rule of law, the court will refuse to tie up property; that it will, therefore, in case of doubt, adopt the construction that will give an estate of inheritance to the first taker, Webbe v. Webbe, 234 Ill. 442, 84 N.E. 1054, 17 L.R.A.,N.S., 1079; and that in ascertaining a grantor's or testator's intent, the court will be disposed to adopt such a construction as will give an estate in fee simple to the first donee, Giles v. Anslow, 128 Ill. 187, 21 N.E. 225. The Supreme Court has held further that though the intention of the parties will control, it is the intention apparent and manifest in the instrument, construing each clause, word and term involved according to its legal import and giving to each, thus construed, its legal effect. Lehndorf v. Cope, supra. Thus it is the policy of the Illinois courts that an estate granted shall be deemed to be an estate in fee simple unless limiting and qualifying words of proper legal effect disclose a contrary intention. Hempstead v. Hempstead, 285 Ill. 448, 120 N.E. 782; Melies v. Beatty, 313 Ill. 418, 145 N.E. 146; Mills v. Teel, 245 Ill. 483, 92 N.E. 310.

As a result of these underlying principles, in Board of Supervisors of Warren County v. Patterson, 56 Ill. 111, where the deed recited that the grant was "for a court house and other county buildings", the court held that the clause did not limit the title conveyed to less than a fee simple

and did not limit or restrain the power of alienation by the supervisors. The court commented that the deed conveyed the absolute fee; that had the grantors in the deed imposed as a condition that the property should be used for a specific purpose and for no other purpose, they might have invoked the power of a court of equity to prevent any other use but that the language of the conveyance was not sufficient to constitute such a condition precedent. Later, in Tinker v. Forbes, 136 Ill. 221, 26 N.E. 503, the court dealt with the effect of words contained in a deed of a certain interest in the grantor's water power on a river and certain specific real estate as follows: "also, for the purpose of locating proper water wheel and races to draw said water, the east half of [a certain other lot]." [page 506.] The court held that the deed conveyed the fee in such half-lot and not a mere easement, saying: "What effect, then, is to be given to the words, 'for the purpose of locating proper water wheel and races to draw said water?' It is plain that they do not constitute a condition, as there is no provision for re-entry for condition broken, nor is there anything in the instrument indicating an intention on the part of the grantor that the appropriation of said premises to any other purpose should have the effect of defeating the estate granted. Nor can said language be construed as a covenant on the part of the grantees to use the property granted for the purpose indicated, and none other. No terms are used by which a covenant is ordinarily expressed, nor are there any negative words forbidding the appropriation of the property to other purposes."

In Downen v. Rayburn, 214 Ill. 342, 73 N.E. 364, 3 Ann.Cas. 36, the deed construed conveyed to the trustees of a certain church a certain lot or tract of land "to be used as a church location * * * to have and to hold the said premises as above described * * * unto the said party of the second part and their successors in office forever." After reasserting the rule that in construing a deed containing restriction as to use of property all doubts should be resolved in favor of the free use of the property, the court said: "It will be noticed that the words in question, 'to be used as a church location,' stand alone, and that the words 'upon condition' are not used in connection therewith. That is to say, it is not stated in the deed that the premises are conveyed upon condition that they are to be used as a church location. Nor is there any provision in the deed for re-entry by the grantor in case of a breach of the covenant, if it be a covenant, that the premises are to be used as a church location. Kew v. Trainor, 150 Ill. 150, 37 N.E. 223; Star Brewery Co. v. Primas, supra [163 Ill. 652, 45 N.E. 145]; Gallaher v. Herbert, 117 Ill. 160, 7 N.E. 511. In Gallaher v. Herbert, supra, we said (page 169, 7 N.E. 511): 'In the construction of deeds courts will always incline to interpret the language as a covenant, rather than as a condition. Board of Education v. Trustees, 63 Ill. 204. There is nothing in the form of the language here employed to indicate that it was intended the conveyance was upon a condition subsequent. The words "upon condition," do not occur, and there are no other words of equivalent meaning. There is no clause providing that the grantor shall re-enter in any event, and these are the usual indications of an intent to create a condition subsequent.'"

Many cases were reviewed but the court adhered to its previous holdings in construing the deed to convey a fee simple title.

In Weihe v. Lorenz, 254 Ill. 195, 98 N.E. 268, Justice Dunn speaking for the unanimous court, held that a deed conveying a certain tract, describing it by metes and bounds, followed by this clause, "I also give ten feet wide adjoining on the south of this tract, or the strip between this tract and the alley I gave in my deed of September 3, 1881, to John Lorenz, for alley purposes" [page 269], conveyed the fee and that the words "for alley purposes" did not limit the estate granted.

The power of railroads to purchase property and acquire the same in fee being recognized in the Illinois statute, the Supreme Court has followed the foregoing rules in interpreting deeds to railroad companies. Spierling v. Ohl, 232 Ill. 581, 83 N.E. 1068, 13 Ann.Cas. 430. In Noyes v. St. Louis, A. & T. H. R. Co., Ill.1889, 21 N.E. 487, plaintiff conveyed to a railroad company by warranty deed, "for a right-of-way", a strip of land 100 feet in width, the center line being the center line of the company's track. Thereafter, in the same instrument, it was recited that "the above tract is granted to the said companies for the erection and maintenance thereon of a freight house * * * and for such other general railroad purposes as may be neces-

sary and expedient for said company." The express consideration was $1.00 and the benefits accruing from the erection and maintenance of said improvements. The strip was subsequently abandoned by the railroad, so far as railroad purposes were concerned, and the grantor sued to recover possession of the premises on the behalf that the property was conveyed as an easement or as a fee with condition subsequent. The court overruled this contention and held the conveyance one in fee simple, saying [page 488]:

"It is urged that the grant is subject to a condition subsequent, and that it is liable to be defeated by the non-performance by the grantees of conditions imposed by the deed. It is also said that the deed from Noyes to the railroad companies created in them what is known as a base, qualified, or determinable fee. The deed upon its face contains no express condition of any kind, or any provision that the title to the land shall revert to the grantor in any event. To create an estate upon condition subsequent, the grantor must do so by express terms, or such intent must appear by clear and necessary implication, for the reason that such conditions are not favored, and when relied upon they will be strictly construed. * * *

"It is to be observed that the clause quoted does not require, either expressly or by necessary implication, that the company shall or must do anything. No condition is attached to their failure to do any act at any time. The language employed would indicate, rather, the uses to which the land may be devoted."

█ The language of the conveyance before me includes, under the statutes of Illinois, all covenants of warranty and seizin included in a common law deed of bargain and sale of certain specifically described land, with the additional words "as and for its right-of-way." This language is substantially the same as that of the court in Noyes v. St. Louis, A. & T. H. R. Co., supra, where the words used were "for a right-of-way", and it was expressly stated that the land was to be used for general railroad purposes "as may be necessary". It seems to me, therefore, the settled law in Illinois that a mere statement of the use to which it is expected the property will be devoted, is not sufficient to engraft upon the conveyance of the fee a condition, limitation or restriction. The words here are not sufficiently apt, under

the rule in Illinois, to create a limited grant.

States in which similar legislation exists have followed this reasoning. Thus, in Quinn v. Pere Marquette Ry. Co., 256 Mich. 143, 239 N.W. 376, where the deed contained these words " 'to be used for railroad purposes only,' 'a parcel of land one hundred feet in width, lying fifty feet on each side of the center line * * *' " [page 378], the court held that title in fee simple was transferred, saying: "It seems to be the weight of authority that, where there is no reverter clause, a statement of use is merely a declaration of the purpose of conveyance, without effect to limit the grant. The reasoning is that, as a railroad company may take real estate only for railroad purposes, the declaration that it is to be so used is merely an expression of the intention of the parties that the deed is for a lawful purpose."

Similarly where the deed conveyed a "strip of land sixty feet wide for a railroad right-of-way over, upon, and across * * *", the Georgia Court held in Johnson v. Valdosta, M. & W. R. Co., 169 Ga. 559, 150 S.E. 845, that a fee simple title was conveyed. And, in construing the clause "the same being for a right-of-way for a railroad track as a survey thereof is now located", the Oklahoma Supreme Court, in view of a statute substantially like that of Illinois, in Marland v. Gillespie, 168 Okl. 376, 33 P.2d 207, 208, held that a fee simple estate was conveyed. Similarly was the conclusion of the court in other cases. Sherman v. Sherman, 23 S.D. 486, 122 N.W. 439, followed by the Circuit Court of Appeals of the Eighth Circuit in Gilbert v. Missouri K. & T. Ry. Co., 185 F. 102; Texas & P. Ry. Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867; Texas & P. Ry. Co. v. Vaughan, Tex.Civ.App., 73 S.W.2d 632; Phillips v. M. K. T. Ry. Co., D.C., 20 F.Supp. 498; Gates v. M., K. & T. Ry. Co., D.C., 13 F.Supp. 466; Killgore v. Cabell County Court, 80 W.Va. 283, 92 S.E. 562, L.R.A.1918B, 692, with annotations at pages 695 and 700; 51 C.J., Sec. 202, p. 537, and cases there cited. See, also, Kynerd v. Hulen et al., 5 Cir., 5 F. 2d 160; United States Pipe Line Co. v. Delaware, L. & W. W. Ry. Co., 62 N.J.L. 254, 41 A. 759, 42 L.R.A. 572; Nelson v. Texas & P. Ry. Co., 152 La. 117, 92 So. 754; New York, B. & E. R. R. Co. v. Motil, 81 Conn. 466, 71 A. 563; Ballard v. Louisville & N. R. Co., 5 S.W. 484, 9 Ky.

Law Rep. 523; Radetsky v. Jorgensen, 70 Colo. 423, 202 P. 175; Midstate Oil Co. v. Ocean Shore Ry. Co., 93 Cal.App. 704, 270 P. 216; In re Battelle, 211 Mass. 442, 97 N.E. 1004; Brightwell v. International-Great Northern R. R. Co., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265.

I conclude, therefore, that the deed conveyed to the railroad company a title in fee simple without limitation, condition or reservation to the 3.34 acres of land therein described.

Plaintiff relies upon the following Illinois cases: Wiggins Ferry Co. v. O. & M. Ry. Co., 94 Ill. 83; Walker v. I. C. R. R. Co., 215 Ill. 610, 74 N.E. 812; Illinois Central v. Houghton, 126 Ill. 233, 18 N.E. 301, 1 L.R.A. 213, 9 Am.St.Rep. 581; Illinois Central R. R. Co. v. O'Connor, 154 Ill. 550, 39 N.E. 563; Branch v. Central Trust Co., 320 Ill. 432, 151 N.E. 284, and Joseph v. Evans, 338 Ill. 11, 170 N.E. 10. In each the court found either an expressed intention to convey less than the fee or such language used in making the grant as to indicate as a matter of law an intention to limit the grant to less than a title in fee simple. Thus, in the first mentioned case, the court commented that the deed conveyed no land but granted merely "the right to construct, maintain and use", railroad tracks. In the second, the court stated that the grant was only of "the right-of-way * * * over and through" [page 813] the tract. In the third, the grant was of "the right-of-way over and through said tract" [page 301]. In the fourth, the language of the court is that the instrument conveyed a "right-of-way to comprise land of the width of two hundred feet." In Branch v. Central Trust, supra, the deed granted "a railroad right-of-way over" certain described lands. In Joseph v. Evans, supra, the court found that by a parol contract only a "right-of-way" was to be conveyed to the railroad company.

In each of these cases, the language used by the parties was such that the court found as a necessary implication an intention to convey a limited and restricted right in spite of the general rule in Illinois that limitations are not favored. Thus in Walker v. I. C. R. R. Co., supra, the court held that the railroad company had the power to acquire a fee but upon consideration of all the provisions found in the deed, it did not acquire such an estate but only the right to use the land for railroad purposes. The grant was, as the court said, for the use and not for the land itself. The court there adhered to the principles herein announced, saying: "The general rule is that words following the granting clause of a deed, which state the use to which the property granted is to be put, are not restrictions or limitations upon its use, unless it is specifically so stated to be in the deed. Warren County Board of Supervisors v. Patterson, 56 Ill. 111 [133]; Downen v. Rayburn, 214 Ill. 342, 73 N.E. 364 [3 Ann.Cas. 36]."

Proper construction of each of these cases does not indicate any conflict in principle between them and the cases relied upon in support of my conclusions. They indicate rather an adherence to those principles and the existence in Illinois of the rules herein previously announced, namely: that in the absence of words necessarily forcing a conclusion that a limited fee is intended, a fee simple title passes.

Nor am I favorably impressed with plaintiff's contention that the grantor in the deed and her subsequent grantees and assigns, by use of the land since 1912 without complaint by the railroad company have obtained title by adverse possession. During that period of time the 3.34 acre tract has been segregated upon the tax books of Fayette County, and the taxes thereon have been paid continuously by the railroad company. It has not built a railroad. It has not fenced its right-of-way. It apparently has taken no action looking toward the building of a railroad, except to survey the proposed right-of-way line in 1912, and it has permitted the owners of the remainder of the 40 acre tract to farm across its tract without molestation. It does not appear, however, that the owners have done so under claim of ownership. Rather, the evidence is consistent only with the finding that such enjoyment and use of the property were at the sufferance of the railroad. Without quoting the Illinois statute, we find that the essentials necessary to the acquisition of title by prescription, that is, by adverse possession, are defined by the Supreme Court of Illinois in Waller v. Hildebrecht, 295 Ill. 116, at page 123, 128 N.E. 807, at page 810 where the court said: "The use must be adverse, uninterrupted, exclusive, continuous, and under a claim of right. Where the use is merely permissive by the owner, it is not adverse, and forms no basis upon which a right of way by pre-

scription can rest. The use of vacant, uninclosed, and unoccupied land will be presumed to be by permission, and not adverse. Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Munsell, 192 Ill. 430, 61 N.E. 374; Hofherr v. Mede, 226 Ill. 320, 80 N.E. 893; Illinois Central Railroad Co. v. Stewart, 265 Ill. 35, 106 N.E. 512. A mere permissive use never ripens into a prescriptive right. It must appear the use was enjoyed under such circumstances as to indicate that it was claimed as a right, and was not regarded by the parties as a mere privilege or license, revocable at the pleasure of the owner of the soil. The use of a way without objection or hindrance is not inconsistent with use by permission. * * * The burden of establishing a prescriptive right as a defense to an action of this character, where the ownership of the land traversed is conceded to be in the complainant, rests on the party pleading it."

Plaintiff has not met the burden of proof upon these essentials. It has shown no more than a mere permissive use.

■ If I be in error in my interpretation of the Illinois statutes and the law of Illinois as disclosed by the decisions mentioned and if, because of such error, my conclusion should rightfully be that the deed under discussion conveyed merely an easement, as contended by plaintiff, then the question arises as to the effect of the lease made by the owner of the forty acre tract to plaintiff's nominee. The description therein mentions certain specific land other than that involved and includes the following: "The Northeast Quarter of the Northwest Quarter of Section 18 containing 36.66 acres." A clause in the lease provides that it is "the purpose and intent of the lessor to lease all of the land, however described, owned by him in the section or sections hereinbefore specified." The established rule of construction in Illinois is that where a tract of land is conveyed by its proper description, as indicated by the government survey, the boundaries thus included will control as to the quantity of acres and in case of deficiency the grantee will have no remedy and in case of excess the grantor will have no remedy. In other words, the description "the Northeast Quarter of the Northwest Quarter of Section 18" is controlling and the addition of the acreage of no legal effect. Binder v. Hejhal, 347 Ill. 11, 178 N.E. 901; Rotermund v. Lauritzen, 225 Ill.

App. 170; Attebery v. Blair, 244 Ill. 363, 91 N.E. 475, 135 Am.St.Rep. 342; Ditman v. Clybourn, 4 Ill.App. 542; Higinbotham v. Blair, 308 Ill. 568, 139 N.E. 909. So, if by proper construction, Welker was the owner of the entire 40 acres his lease, including the clauses quoted, indicated clearly an intention to convey the entire quarter section. This follows necessarily from his expressed intention to lease all of the property which he owned within the boundaries mentioned.

■ But Welker files a counterclaim in which he seeks to reform the instrument so that it will describe only the 36.66 acres and not include the 3.34 acres included within the land granted to the railroad company. This prayer for reformation he grounds upon the fact as he says, that if the lease be construed to convey the entire forty acres, it is not in accord with his intention as expressed at that time to the agent of plaintiff and as understood by plaintiff. The record shows, by the testimony of his son and daughter, that the deceased agent of plaintiff who negotiated the lease was told that he, Welker, did not own the 3.34 acres; that he could not lease the same; that the agent said that he had checked the records and agreed with this statement, and when he made payment of the consideration for the lease, the amount was computed upon the basis of $1.00 per acre for all the acreage, including only 36.66 of the particular acreage under discussion. This agent is dead. Consequently the lips of both Welker and his wife, both of whom were adverse parties in the suit, were closed; they could not testify to the conversation. But the son's and daughter's testimony stands undisputed and apparently no reason exists for denying full credibility to them. The situation is anomalous, for it is obvious that the testimony offered by Welker's witnesses is against his own interest; it tends to destroy his title to the 3.34 acres and, if believed and of sufficient legal effect, will destroy any interest that he may have in the oil in the 3.34 acres. Consequently the witnesses who testified to the conversation, testified against his interest, though offered by him.

■ That the 3.34 acres has a value is apparent from the fact that an oil well has been drilled upon the same and that, under the testimony of the defendants who drilled it, it is a valuable commercial well. Therefore, the evidence of these witnesses, being

undisputed and there being no reason why they should testify in such manner, tended to deprive their father of any interest in the 3.34 acres. Welker was mistaken at the time the oil lease was executed in believing he owned only 36.66 acres. The true situation is best expressed perhaps by these words: Welker thought he did not own the 3.34 acres. He was wrong in his belief and he did own the 3.34 acres. This was a mistake on his part arising from his wrongful legal interpretation of the deed. When Welker leased the property, he said he intended to convey all the land he owned in the section, then believing, under proper construction, that he did not own a certain part thereof, if it results now that he did own such part, he has not made a mistake from which a court of equity will relieve him. I believe the lease, properly construed, expresses clearly and unambiguously the intent of the grantor to convey all land in the section owned by him whether he realized he owned all of it or not.

Perhaps this conclusion is unnecessary to my decision, but I include it in order that, if the Court of Appeals does not agree with my decision that the original deed conveyed the fee, it may have all my conclusions before it for final determination.