EILERT BAUMAN, Appellee, *vs.* JOHN A. STOLLER, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

1. DEEDS—*sections 9 and 13 of Conveyance act must be construed together.* Sections 9 and 13 of the Conveyance act must be read and construed together, and the words "if a less estate be not limited by express words," found in said section 13, must be applied to a deed drawn in accordance with the form prescribed by section 9, where the only granting words are "convey and warrant."

2. SAME—*purpose of section 13 of Conveyance act.* The purpose of section 13 of the Conveyance act is to require that every word used in the conveyance, no matter where found, shall be given weight in construing the instrument, where the maker has not used words of grant or devise which at common law would have conveyed an estate of inheritance.

3. SAME—*when doctrine by which words of restriction are rejected for repugnancy does not apply.* The doctrine by which words in some part of a deed following the granting clause which apparently reduce the estate conveyed by the words of grant shall be disregarded as repugnant to the words of conveyance has no application where the granting words are not such as would at common law convey an estate of inheritance.

4. SAME—*the grantor may limit estate though he uses statutory form of warranty deed.* By proper words of limitation, though in-

serted after the description of the premises in a deed prepared in accordance with the form prescribed by section 9 of the Conveyance act and in which the only granting words are "convey and warrant," the grantor may reduce the grantee's estate to less than a fee simple. (*Cover* v. *James*, 217 Ill. 309, followed.)

5. SAME—*deed construed as conveying contingent remainder to grantee's children.* A provision following the description of the premises in a warranty deed drawn in the form prescribed by section 9 of the Conveyance act, that if the grantee shall die before his wife dies and any child or children survive him "the surviving children and his wife shall have the use of said land above described during the lifetime of his wife, when it shall go to his children, if any are living," conveys a contingent remainder to the grantee's children.

6. SAME—*grantor cannot defeat contingent remainder by executing second deed.* A contingent remainder in the grantee's children, created by words of restriction used after the granting clause of a statutory form of warranty deed, cannot be defeated by the execution of a second deed from the grantor to the grantee in the statutory form without restrictions, and containing a statement that it was made to remove the restrictions contained in the first deed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Second District affirming a judgment in the sum of $3251.81, recovered by appellee against appellant in the circuit court of Livingston county.

The following statement of facts is taken in large part from the opinion of the Appellate Court:

On October 15, 1903, John A. Stoller, appellant, and Eilert Bauman, appellee, entered into articles of agreement, whereby, in consideration of $18,960, Stoller agreed to convey to Bauman, in fee simple, clear of all encumbrances, by a good and sufficient warranty deed, two eighty-acre tracts of land located in Livingston county, subject to two mortgages aggregating $6550, which Bauman was to assume as a part of the consideration above stated. He paid $1500 cash in hand, and the balance, $11,210, was to be paid Jan-

23 5 — 3 1

uary 1, 1904, on delivery of deed. An abstract showing merchantable title in Stoller at date of delivery was to be delivered for examination October 15, 1903, and the deed was to be delivered on January 1, 1904. Bauman was to examine the abstract and raise objections thereto, if any, within ten days from date of its delivery. The articles contained a stipulation that the sum of $1500 be fixed as liquidated damages against the party failing to perform, but that this should not debar either party from requiring specific performance. Time was made of the essence of the contract. The abstract was delivered as agreed and Bauman presented objections to the title within the ten days. Another contract in writing was made extending the time of performance to January 8, 1904, on which day Bauman tendered the balance of the purchase price due but refused to accept the deed tendered by Stoller because the abstract did not show merchantable title. Stoller filed a bill in chancery to compel the specific performance of the contract, to which a demurrer was interposed and sustained, with leave to amend. Stoller not availing himself of the leave to amend, the bill was dismissed without prejudice. Bauman then brought this suit in assumpsit in the circuit court of Livingston county against Stoller to recover the $1500 he had paid on the contract, with interest thereon, and the $1500 specified in the contract as liquidated damages. The declaration contained the common counts and a special count on the contract, to which a demurrer, both general and special, was interposed and overruled. A stipulation was entered into reciting that a plea of the general issue had been filed, and stipulating that all the evidence on behalf of defendant admissible under any plea properly pleaded should be admitted under the general issue, and that all evidence admissible under any proper replication should be admitted in like manner. Before the pleadings were settled or the stipulation in reference thereto made, the court was requested by the attorneys to determine whether the $1500

stipulated for in the contract should be treated as a penalty or as stipulated damages. The court examined the contract and informed counsel that in his opinion the terms of the contract fixed the $1500 as stipulated damages, which the court would enforce. Neither party excepted to such ruling, but they stipulated that no proof should be offered on the question of damages. The court heard the proofs and found the issues for Bauman and entered judgment herein for $3251.81 and costs. Stoller appealed.

It appears from the evidence that appellant obtained his title to the eighty acres described in the articles of agreement as the west half of the south-east quarter of section 18, town 27, north, range 3, east of the third principal meridian, from Frank Doyle and wife, who obtained whatever title thereto they possessed from Lawrence Doyle and wife. The original deed from the latter to Frank Doyle was in words and figures as follows:

"This indenture witnesseth, that the grantors, Lawrence Doyle and Rose Doyle, his wife, of Waldo, in the county of Livingston and State of Illinois, for and in consideration of the sum of $2400 in hand paid, convey and warrant to Frank Doyle, of the town of Waldo, county of Livingston and State of Illinois, the following described real estate, to-wit: The west half of the south-east quarter of section eighteen (18), township No. twenty-seven (27), north of range three (3), east of the third principal meridian. Said Frank Doyle shall not have power to re-convey this land unless it be to the grantors. He shall not have power to mortgage the land, and in case the said Frank Doyle should die before his wife dies and any chil... survive him, the surviving children and his wife shall have the use of said land above described during the lifetime of his wife, when it shall go to his children, if any are living, but if at the death of grantee no children survive him the title shall be in grantor. Should any children survive the grantee and his wife also survive him, she shall have no interest in said land only so long as she remains unmarried and is his widow, situated in the county of Livingston, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the home-stead exemption laws of this State.

"Dated this thirteenth day of April, A. D. 1882.

LAWRENCE DOYLE, (Seal)
ROSE DOYLE.    (Seal) "·

The foregoing is the deed to the abstract of which appellee objected and on account of which he refused to take the title. Except for the limitations therein it is a statutory warranty deed.

It appears from the evidence that in 1882, when this deed was made, Frank Doyle had one or two children, and that at the time of the trial he had twelve or thirteen children, several of them minors. It further appears from the evidence and was shown by the abstract of title that Frank Doyle obtained another deed to the same premises from Lawrence Doyle, who was then a widower, on February 23, 1897, which was an ordinary warranty deed, and which contained a statement to the effect that it was made for the purpose of removing the restriction contained in the deed of 1882 and to give Frank Doyle an absolute title.

ROBERT HENNING, and MCILDUFF & THOMPSON, for appellant:

Every estate granted shall be deemed a fee simple estate if a less estate be not limited by express words. *Lambe* v. *Drayton*, 182 Ill. 110; *Walker* v. *Shepard*, 219 id. 110.

The words "convey and warrant" to the grantee are declared to be a conveyance in fee simple to the grantee, his heirs and assigns, with certain covenants. Conveyance act, sec. 9; *Palmer* v. *Cook*, 159 Ill. 303.

The court can only inquire whether an estate less than the fee is limited by express words, or granted, conveyed or devised by construction or operation of law, where words theretofore necessary to transfer an estate of inheritance are not used. This rule applies to the construction of deeds as well as wills. *Wolfer* v. *Hemmer*, 144 Ill. 561; *Metzen* v. *Schopp*, 202 id. 283; *Gruenewald* v. *Neu*, 215 id. 137; *Hill* v. *Gianelli*, 221 id. 290.

The evident purpose of section 13 of the Conveyance act was to change the rule of the common law whereby, if the conveyance or devise was made without words of inher-

itance, an estate for the life of the grantee or devisee only was created. *Lehndorf* v. *Cope,* 122 Ill. 326.

It is an established construction of contingent remainders that an estate cannot by deed be limited over to another after a fee is already granted. By the restrictive clause in the deed an apparent attempt is made to mount a fee upon a fee, which can only be done by executory devise. *Fowler* v. *Black,* 136 Ill. 363; *Smith* v. *Kimbell,* 153 id. 368; *Palmer* v. *Cook,* 159 id. 303; *Hobbie* v. *Ogden,* 178 id. 366; *Glover* v. *Condell,* 163 id. 566; 220 id. 234.

An attempted limitation on a fee granted is repugnant to the estate granted, and therefore void, if by the terms of the deed the maker undertakes to pass title in succession to several persons mentioned, in fee simple. This he cannot do by deed. *Palmer* v. *Cook,* 159 Ill. 303; *Stewart* v. *Stewart,* 186 id. 63; *Kron* v. *Kron,* 195 id. 183; 222 id. 416.

If the grantor's intention governs, it must be the grantor's intention as gathered from the whole deed, and such intention, when ascertained, must govern if it does not conflict with the law. If such intention conflicts with the law and cannot take effect the way it was intended, it may take effect another way. *Cross* v. *Commission Co.* 153 Ill. 499; *Eckhart* v. *Irons,* 128 id. 579.

Conditions restricting alienation during the grantee's lifetime are void. Such a restriction does not create a life estate. *Walker* v. *Shepard,* 210 Ill. 111.

When a deed was evidently drafted by one not skilled in such work, greater latitude is permitted and less attention paid to technical words in construing the instrument than would otherwise be the case. *Campbell* v. *Gilbert,* 57 Ala. 569; *Griswold* v. *Hicks,* 132 Ill. 494; *Miller* v. *Mowers,* 227 id. 402.

THOMAS KENNEDY, and A. C. NORTON, for appellee:

Where the fee in the first taker, created by a deed, is determinable upon the happening of a prescribed event, followed by a limitation over of the fee or use to another upon

the happening of such event, the fee or use shifts to the second taker. *Abbott* v. *Abbott,* 189 Ill. 488.

Contingent remainders can be created by deed, and a good title cannot be given where a deed in the chain of title creates a contingent remainder. *Chapin* v. *Crow,* 147 Ill. 219.

An alternative or substitutional remainder, or a remainder with a double aspect, may be created by deed as well·as by will. *Peoria* v. *Darst,* 101 Ill. 609; *Chapin* v. *Nott,* 203 id. 341.

Since livery of seizin is no longer necessary to a valid conveyance, a fee simple estate to commence in the future may be given without the creation of an intermediate estate.

After executing the first deed, Lawrence Doyle by his second deed could not impair the title conveyed to the children of Frank Doyle by the first deed. *Teel* v. *Dunnihoo,* 221 Ill. 471.

In construing a deed it is the duty of the court to ascertain the intention of the parties, and that intention must control. Effect must be given to each word, clause or term employed by the parties, rejecting none as meaningless or surplusage. Rejection of an entire clause is not admissible except from unavoidable necessity. *Riggin* v. *Love,* 72 Ill. 556; *Mittel* v. *Karl,* 133 id. 65; *Railway Co.* v. *Tamplin,* 156 id. 285; *Welch* v. *Welch,* 183 id. 137; *Walker* v. *Railroad Co.* 215 id. 610; *Cover* v. *James,* 217 id. 309; *Miller* v. *Mowers,* 227 id. 392.

Where a printed form of deed is used the court will notice that fact; and in such cases, if there be any conflict in the deed between the printed part and the part written in, the latter will control in construing it. The deed will, in fact, be treated as though it had not been written on a printed form. *Miller* v. *Mowers,* 227 Ill. 392.

There can be no inconsistency or repugnancy between a granting clause which does not define the estate granted, and a subsequent clause which does. In such a case the

silent grant conveys the estate designated in the subsequent clause. *Riggin* v. *Love,* 72 Ill. 553; *Welch* v. *Welch,* 183 id. 237; *Cover* v. *James,* 217 id. 309; *Utter* v. *Sidman,* 170 Mo. 284; *Miller* v. *Dunn,* 184 id. 318.

In the ordinary statutory form of deed the words "convey and warrant" do not in any way define or designate the estate granted. Where such words alone are used, "no estate is mentioned in the granting clause." The granting clause in the ordinary statutory form of deeds merely describes the property conveyed and does not pretend to define the nature of the estate granted. It is only when not followed by language defining the estate, thus supplying the omission, that it results, by legal implication, that a fee is conveyed under the statute relating to conveyances. *Welch* v. *Welch,* 183 Ill. 237.

The statutory form of deed simply assures title. It does not define, enlarge or restrict the estate granted. If the grantee takes a fee, the words "convey and warrant" assure a fee; if a life estate or some other kind of an estate is taken, the statutory form warrants such lesser estate to the grantee. The statutory form omits the kind of estate granted and leaves the court free to inspect the entire deed to ascertain what kind of an estate has been granted, and if a less estate be not limited by express words or does not appear to have been granted by construction or operation of law, the estate shall be deemed to be a fee simple estate. It is immaterial where the words of limitation appear in an ordinary statutory deed, because nothing can be inconsistent with or repugnant to a clause which simply assures title but does not define or in any manner designate the estate granted. Conveyance act, sec. 13; *Lehndorf* v. *Cope,* 123 Ill. 317; *Welch* v. *Welch,* 183 id. 237.

A less estate than a fee simple estate can be limited by express words in a deed, and if by construction or operation of law it appears that a less estate than a fee simple estate has been granted or conveyed, the estate shall not be deemed

a fee simple estate. Conveyance act, sec. 13; *Riggin* v. *Love*, 72 Ill. 553; *Welch* v. *Welch*, 183 id. 237; *Cover* v. *James*, 217 id. 309.

Section 13 of the Conveyance act authorizes the creation of a shifting future interest in land by deeds in the usual statutory form without *habendum* clauses and without the words of limitation appearing in the granting clause. *Cover* v. *James*, 217 Ill. 309.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The Appellate Court regarded the question whether the contract provided for the payment of liquidated damages or whether the sum therein mentioned was merely a penalty as not open for consideration in that court. Appellant, by his statement, seeks to show that this proposition was properly presented there and that it is one that can now be determined in this court. He has not, however, by his brief and argument cited authorities or stated reasons for the purpose of showing that the view of the circuit court in reference to this matter was incorrect, therefore we will not consider the question.

It is conceded by the parties that Lawrence Doyle was the owner in fee of this property in 1882, and the only question necessary to be decided is whether the circuit court erred in passing on propositions of law involving a construction of the deed executed by him and his wife to Frank Doyle, in 1882. That court held, in accordance with the contention of appellee, that by that deed a contingent interest in the real estate therein described was conveyed to the children of Frank Doyle and that the later deed made by Lawrence Doyle to Frank Doyle could not affect that interest, while appellant contends that under the first deed from Lawrence Doyle and wife Frank Doyle acquired title in fee simple to the premises. That deed was drawn on a printed blank form prepared to accord with section 9 of chapter 30, Hurd's Revised Statutes of 1905. As will be

seen from an inspection of that instrument, which is set forth in the foregoing statement, it is recited that the grantors, in consideration of a certain sum, "convey and warrant to Frank Doyle, of the town of Waldo," etc., an eighty-acre tract, describing it. Following that is an attempt to place a limitation upon the power of alienation, and then the instrument provides, among other things, that in the event of the death of the grantee leaving children prior to the death of his wife, the wife and children are to take an estate in the property. Appellant's theory is, that the words "convey and warrant," found in the granting portion of the deed, vested a fee simple estate in Frank Doyle, and that the words by which an interest was given to the children were repugnant to the words "convey and warrant," and being found in a portion of the deed succeeding the premises are without effect, and the deed is precisely as though the words of attempted limitation were not written therein at all.

Section 9, *supra,* provides that every deed which is, in substance, in the form set out in that section shall be deemed and held a conveyance in fee simple to the grantee, his heirs or assigns, with certain covenants unnecessary to be here repeated. Section 13 of the same act is in words as follows: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."

Appellant argues that the words of this section, "if a less estate be not limited by express words," have no application to a deed prepared in the form set out in section 9, for the reason, as he says, that section 9 makes the words "convey and warrant" equivalent to the words which were "necessary to transfer an estate of inheritance" prior to

the enactment of section 13, and the deed, therefore, is as though such "necessary" words were actually used in the granting clause. Appellant relies principally upon the cases of *Wolfer* v. *Hemmer*, 144 Ill. 554, *Palmer* v. *Cook*, 159 id. 300, and *Walker* v. *Shepard*, 210 id. 100.

In the case of *Wolfer* v. *Hemmer* a testator by one clause of his last will and testament devised to his wife, "her heirs and assigns," certain real estate. By a subsequent clause it was contended that he had attempted to cut down the estate so devised to her. It was there held that section 13 had application only where "words heretofore necessary to transfer an estate of inheritance be not added," and that as to real estate devised by the earlier clause section 13 had no application, because the words of devise used in that clause were those which prior to the passage of the statute were the precise words necessary to transfer an estate of inheritance.

In *Palmer* v. *Cook* a deed was drawn substantially in the form set out in section 9. It ran to two grantees, and concluded, after the description of the land and the reservation of a life estate to the grantor, with these words: "And further, in case either of the grantees dies without an heir her interest to revert to the survivor." In that case the court refused to apply section 13, saying that the deed effected an absolute fee simple conveyance by the first clause thereof and vested the estate, and that the language above quoted from the deed was inoperative because it was an attempt to place a limitation upon the fee conveyed by the words found in the premises of the deed. This case supports appellant, but as we will hereafter point out, it is in conflict with the later case of *Cover* v. *James*, 217 Ill. 309, and it must therefore yield to the latter.

In *Walker* v. *Shepard* the words of attempted limitation follow the description in the deed, which was in the statutory form, and they were held inoperative, not because the estate granted by the words "convey and warrant"

could not be made an estate less than the fee by words following the premises of the deed, but because the words which there followed did not amount to a limitation upon the estate otherwise conveyed, but were merely an indication of the intention of the grantor that the grantee should not dispose of the property during her lifetime, it being said that the words contained in a deed merely expressive of the purpose animating the grantor in making it were not sufficient to limit the estate conveyed. The power of the grantor, however, to limit the conveyance made by a deed prepared in accordance with the form set out in section 9, by words found in the portion of the deed following the description of the real estate, was expressly recognized in these words (p. 111): "The words of grant, 'convey and warrant,' convey the fee unless they are limited to a lesser estate by words found in the granting clause or in the *habendum* of the deed, if it contain an *habendum*. They may be used, however, in conveying a life estate or an estate for years, and words limiting the estate conveyed to an estate of the character of either of the two last mentioned are not inconsistent with such words of grant; and where there is language, either in the granting clause or in the *habendum* of the deed, limiting the estate conveyed by such granting words to one less in extent than a fee, such words of limitation will be given effect."

We regard the law as stated in *Cover* v. *James, supra,* as decisive of this controversy. In that case the grantor, by a deed substantially in the form provided by section 9, conveyed to A. Ford Cover and Bessie Cover certain real estate, using only the words "convey and warrant" in the granting clause and following the description with this language: "In case of the death of either A. Ford Cover or Bessie Cover the other to have the whole of said property without litigation." It was contended on the one side that the quoted words were without effect, and on the other that in the construction of the deed these words should be

given their literal meaning. The question was discussed at some length in the opinion, *Palmer* v. *Cook, supra,* being again considered, and it was said in reference to the deed in the *Palmer case* (p. 313): "Merely because the deed was substantially in the form prescribed by section 9, however, a fee simple title was not necessarily conveyed. That section prescribes the form of the deed, and provides that every deed substantially in that form shall be deemed and held to be a conveyance in fee simple to the, grantee, etc.; but it must be construed in connection with section 13, *supra,* under which, if a less estate be limited by express words or appear to have been granted, conveyed or devised by construction or operation of law, the conveyance, not using words heretofore necessary to transfer an estate of inheritance, shall not be deemed to convey a fee simple estate." The conclusion reached was that the words following the description of the real estate in the Cover deed were a limitation upon the title, which otherwise would have been conveyed by that deed.

Manifestly, the purpose of the legislature in enacting section 13 was to require that every word used in a conveyance, no matter in what part found, should be given weight in construing the instrument, where the party making the conveyance did not use words of grant or devise which at common law would have conveyed an estate of inheritance. The doctrine by which words in some part of a deed following the premises, which apparently cut down or reduce the estate conveyed by the words of grant, shall be disregarded as repugnant to the words of conveyance, has no application where the granting words are not such as would at common law convey an estate of inheritance. Such having been the legislative intent, *Cover* v. *James,* and the cases upon which it rests, should be followed rather than *Palmer* v. *Cook.* The phrase, "if a less estate be not limited by express words," found in section 13, must be applied to a deed drawn in accordance with sec-

tion 9 where the only granting words are "convey and warrant."

We think the children of Frank Doyle took a contingent remainder under the deed of 1882, and as the abstract of title did not reveal anything which would defeat that remainder it failed to show a merchantable title in appellant.

The judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*