JOHN A. STOLLER, Defendant in Error, *vs.* LAWRENCE J. DOYLE *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1913.*

1. REAL PROPERTY—*what is a remainder.* A remainder is a remnant of an estate in land, depending upon a particular prior estate created at the same time and by the same instrument, and limited to arise immediately on the determination of that estate and not in abridgment of it.

2. SAME—*no remainder can be created without a precedent estate.* No remainder can be created without a precedent estate, which is said to support the remainder, and where the particular estate supporting the remainder comes to an end before the happening of the event upon which the remainder is to take effect the remainder is defeated.

3. SAME—*rule of merger.* Where the reversion and the life estate come together in the same persons, the life estate merges in the reversion and comes to an end and a contingent remainder dependent thereon is destroyed.

4. SAME—*effect of statutory warranty deed.* Under sections 9 and 13 of the Conveyances act a statutory warranty deed is a conveyance in fee simple, except in so far as a less estate may be limited by express words contained therein or may appear to have been granted by construction or operation of law.

5. SAME—*deed construed as conveying a fee simple subject to but one contingency.* A statutory warranty deed containing the restriction that in case the grantee shall die before his wife dies and any children survive him, the surviving children and his wife shall have the use of the land during the wife's lifetime, when it shall go to his children if any are living, but if at the death of the grantee no children survive him the title shall be in the grantors, creates a fee simple in the grantee, which ceases to be a fee simple upon the one contingency that the grantee's wife shall survive him.

6. SAME—*when limitation takes effect under Statute of Uses.* Where a statutory warranty deed provides that if the grantee shall die before his wife dies and any children survive him, such children and the wife shall have the use of the land during the wife's lifetime, when it shall go to the children if any are living, but if at the grantee's death no children survive him the title shall be in the grantors, the interest of the wife and children will take effect, if at all, in derogation of the estate of the grantee conveyed by the granting clause, and as the deed is one of bargain and sale, which takes effect under the Statute of Uses, the limitation is valid.

257 — 24

7. SAME—*when deed does not create contingent remainder destructible by grantors' conveyance of reversion to grantee.* Where a statutory warranty deed provides that if the grantee shall die before his wife dies and any children survive him, the children and the wife shall have the use of the property until her death, when it shall go to the children if any are living, but if at the grantee's death no children survive him the title shall be in the grantors, the grantee takes a fee with limitations over which may terminate the estate, but the deed does not create such a contingent remainder as is destructible by the act of the grantors in subsequently conveying the reversion to the grantee.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

STEVENS R. BAKER, for plaintiffs in error.

ISAAC B. HAMMERS, and THOMAS KENNEDY, (ROBERT HENNING, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 13, 1882, Lawrence Doyle and wife executed a warranty deed to Frank Doyle of the west half of the south-east quarter of section 18, township 27, range 3, in Livingston county, in the form prescribed by section 9 of the Conveyance act but with the following restrictions and limitations: "Said Frank Doyle shall not have power to re-convey this land unless it be to the grantors. He shall not have power to mortgage the land, and in case the said Frank Doyle should die before his wife dies, and any children survive him, the surviving children and his wife shall have the use of the land above described during the lifetime of his wife, when it shall go to his children if any are living, but if at the death of the grantee no children survive him, the title shall be in the grantors. Should any children survive the grantee and his wife also survive him, she shall have no interest in the land only so long as she remains unmarried and is his widow." On February 23,

1897, Lawrence Doyle, then a widower, executed a second deed of the same premises, in the same form, to Frank Doyle, omitting the restrictions and conditions, and containing the statement that it was made for the purpose of removing the restrictions contained in the former deed and was meant to give the grantee an absolute title to the premises. On March 1, 1902, Frank Doyle and wife executed a warranty deed of that tract and other land to the defendant in error, John A. Stoller. On October 15, 1903, Stoller and Eilert Bauman made a contract by which Stoller agreed to convey to Bauman in fee simple, clear of all encumbrances, by a good and sufficient warranty deed, said tract of land and another tract of eighty acres. Bauman paid $1500 cash, and there was in the contract a stipulation fixing $1500 as liquidated damages to be paid by the party failing to perform. Stoller tendered a deed to Bauman, which Bauman refused to accept because the abstract delivered in accordance with the contract did not show a merchantable title. Stoller, insisting that his title was a fee simple, filed a bill to compel specific performance of the contract, and a demurrer to the bill having been sustained it was dismissed without prejudice. Bauman then brought suit in the circuit court of Livingston county against Stoller to recover the cash payment of $1500, with interest, and the $1500 liquidated damages. The case was tried by the court, and the court held on propositions of law that by the first deed of April 13, 1882, a contingent interest in the real estate was conveyed to the children of Frank Doyle, the grantee, and that the later deed to him could not affect that interest, and therefore the abstract did not show a merchantable title. Accordingly there was a finding that the title was not merchantable and a judgment for Bauman for $3251.81 and costs. The Appellate Court for the Second District affirmed the judgment and we affirmed the judgment of the Appellate Court, and that case came to an end on October 8, 1908. (*Bauman* v. *Stoller*, 235 Ill. 480.)

These facts appear in the statement preceding the opinion in that case but for convenience are repeated here.

After the decision in the action at law that the title of John A. Stoller was not merchantable, he filed his bill on April 10, 1909, in said circuit court of Livingston county against Doyle's children, alleging that by the first deed Frank Doyle did not take an estate in fee simple but only an estate for life; that his wife took an estate for life contingent upon her outliving him; that his children took a contingent remainder in fee; that there was an ultimate reversion in fee to the grantor in the event that no children survived Frank Doyle, and that the second deed to him conveyed the reversion, whereby the life estate was merged in the fee and the intervening contingent interests were destroyed. The prayer of the bill was that the defendant in error be declared the owner in fee simple of the premises free and clear of any claims of the children and that his title thereto should be quieted. The adult defendants were defaulted, but six of the children who were defendants were infants, and they answered by Stevens R. Baker, who was appointed their guardian *ad litem.* The issue was referred to the master in chancery to take and report the evidence. The court heard the testimony taken by the master, made findings in accordance with the averments of the bill, and decreed that the defendant in error was the owner in fee simple of the premises and quieted his title. Three of the defendants who were still infants, John J. Doyle, Augustin D. Doyle and Theresa Veronica Doyle, by Stevens R. Baker, (who had been their guardian *ad litem* in the circuit court,) acting as their next friend, sued out a writ of error from this court to review the decree. We confirmed the action of the next friend and appointed him guardian *ad litem* in this court. The adult defendants who were defaulted in the trial court and those who had reached their majority whose names were used in suing out the writ of error, upon being brought into this

court were content to abide by the decree and refused to assign errors, whereupon an order of severance was entered and it was ordered that the cause proceed in the name of the infants as plaintiffs in error.

When the deeds to Frank Doyle were under consideration in the former case on the appeal of the defendant in error, John A. Stoller, we decided that they did not give him a merchantable title; that the trial court did not err in holding propositions of law that by the first deed the children of Frank Doyle acquired a contingent interest in the real estate and that the later deed to him could not affect that interest. The argument for the defendant in error at that time was that the first deed vested in Frank Doyle title in fee simple to the premises, and that the condition restricting alienation and the attempted limitations on the fee were repugnant to the estate granted and therefore void. It was not then and is not now claimed that the restraint upon alienation was valid, but it was contended that there was no repugnancy between the granting clause and the conditional limitations because the statutory form of deed did not include such words as were necessary to transfer an estate of inheritance at common law, and therefore the estate granted could be limited by express words or by construction or operation of law. We concurred in that view and held that conditional limitations might be created in a deed made in the statutory form. The holding of the trial court that the later deed could not affect the interest of the children was approved, and the decision on these questions disposed of the case. The exact nature of the future interest was not the subject of argument, and not being material no attention was given to that question. In referring to the propositions of law it was mentioned as a contingent interest which the later deed could not affect, and this was equivalent to saying that it was indestructible, and in the last sentence of the opinion it was called a contingent remainder, but whether it could

be designated by that name was of no importance.  In this case, on account of the averments of the bill and the argument of counsel, the question whether there was a contingent remainder is material and controlling.

The defendant in error by his bill of complaint in this case alleged that the children by the first deed took a contingent remainder in the land; that Frank Doyle took a life estate, and that the second deed conveyed the reversion to him, so that the life estate merged in the fee and the intervening contingent interests were extinguished.  A remainder is a remnant of an estate in land, depending upon a particular prior estate created at the same time and by the same instrument, and limited to arise immediately on the determination of that estate and not in abridgment of it.  (4 Kent's Com. 197; 2 Washburn on Real Prop. 585; 2 Blackstone's Com. 164; *Biggerstaff* v. *VanPelt,* 207 Ill. 611.)   No remainder can be created without a precedent estate which is said to support the remainder, and where the particular estate supporting a remainder comes to an end before the happening of the event upon which the remainder is to take effect the remainder is defeated.   Under that rule, where the reversion and life estate come together in the same person the life estate merges in the reversion and comes to an end and a contingent remainder is destroyed.  (*Bond* v. *Moore,* 236 Ill. 576.)  Looking at the deed of April 13, 1882, to determine what estate was granted, we find that under sections 9 and 13 of the Conveyance act a statutory warranty deed is to be deemed and held a conveyance in fee simple although words formerly necessary to transfer an estate of inheritance are not contained in it.   To create an estate in fee simple at common law it was necessary that the grant should be to the grantee and his heirs without limitation.  (*Lehndorf* v. *Cope,* 122 Ill. 317.)   A deed in the statutory form, under the sections mentioned, is to be held a conveyance in fee simple, but a less estate may be limited by express words or may

appear to have been granted or conveyed by construction or operation of law. The estate granted to Frank Doyle was therefore a fee simple except as limited by the deed. It was subject to conditional limitations which might terminate it, but unless the contingent events took place it would last forever. There was one contingency, and but one, upon which it would cease to be a fee, and that was the event that the grantee's wife should survive him. If the contingent future event of the death of the grantee before his wife should occur and any children should survive him, the wife and surviving children were to have the use of the land during the lifetime of the wife, the interest of the wife to terminate if she re-married, and after her death the fee was to go to the children, but if at the death of the grantee no children should survive him there was a reversion to the grantor. The grantor conveyed the whole estate, except a contingent reversion dependent on the grantee dying without leaving children surviving him. The future interest of the wife and children under that deed will take effect, if at all, in derogation of the estate of the grantee conveyed by the granting clause of the deed. Such a limitation could not be created by a deed at common law, but a deed of bargain and sale, such as the deed in this case, takes effect under the Statute of Uses and such a limitation is valid. Although that question did not arise upon the record in *Abbott* v. *Abbott,* 189 Ill. 488, it was argued by counsel, and it was held that the argument supported the proposition "that where the fee in the first taker created by a deed is made determinable, as upon the happening of a valid condition subsequent, followed by a limitation over of the fee or use to another upon the happening of the prescribed event, the fee or use shifts from the first to the second taker, whereby the deed is a conveyance under the Statute of Uses, as all our American deeds are, and is a clear case of shifting use." The estate of the children was limited to take effect in derogation of the estate of the

grantee created by the granting clause. The deed operated as a conveyance of the fee with the limitations over, which may terminate the estate granted upon the conditions specified in the deed, and did not create a contingent remainder destructible by the act of the grantor in subsequently conveying the reversion to the grantee. The conclusion in *Bauman* v. *Stoller, supra,* that the second deed to Doyle did not affect the contingent interest of his children, was correct.

The adults being satisfied with the decree a reversal will not affect their interests, but as to the interests of the plaintiffs in error the decree is reversed and the cause is remanded to the circuit court, with directions to dismiss the bill as to them.

*Reversed and remanded, with directions.*