(No. 12612.—Reversed and remanded.)

ALVIN R. CUTLER *et al.* Appellees, *vs.* KATE GARBER *et al.* Appellants.

*Opinion filed June 18, 1919—Rehearing denied October 27, 1919.*

1. DEEDS—*statutory form of warranty deed conveys fee simple.* A statutory form of warranty deed, under sections 9 and 13 of the Conveyance act, conveys a fee simple title unless the estate is limited by the language of the deed itself.

2. SAME—*remainder cannot take effect in abridgment of particular precedent estate.* An estate in remainder is limited to take effect upon the termination of a particular precedent estate and not in abridgment of it.

3. SAME—*when estate subject to conditional limitations is not a life estate with remainders.* Where the estate conveyed by statutory warranty deed is subject to three conditional limitations, based

upon the death of the grantee leaving no widow or children, or leaving a widow and no children or leaving both widow and children, but omits to provide for the contingency of his leaving children but no widow, the estate granted is not merely a life estate but may continue indefinitely in the grantee and his heirs; and the future interests are not remainders but executory limitations, as they must take effect, if at all, in derogation of the estate created by the granting clause. (*Buck* v. *Garber,* 261 Ill. 378, criticised.)

4. SAME—*when rule that a gift over will not take effect unless contingency happens during preceding estate does not apply.* The rule that where an estate is limited after a particular estate, with a gift over upon the happening of an uncertain event, the gift over will take effect only upon the happening of the contingency during the particular estate, does not apply where the instrument creating the limitations shows an intention to refer the contingency to a later date than the termination of the particular estate. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11, distinguished.)

5. SAME—*meaning of deed is determined by facts existing at time of delivery.* The meaning of a deed must be determined by the application of its language to the facts existing at the time the deed was delivered.

APPEAL from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

J. H. FORNOFF, for appellants.

T. W. HOOPES, and J. W. TEMPLEMAN, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the wife and children of Henry Garber from a decree of the circuit court of Shelby county for the partition of the eighty acres of land involved in the case of *Buck* v. *Garber,* 261 Ill. 378, finding that the appellants have no interest in the land.

Frederick Buck being the owner of the land, on August 15, 1888, conveyed it to Henry Garber by an ordinary statutory warranty deed containing, immediately after the description of the premises, the following language: "Said grantors to have and to hold possession and use of said land

during their natural lives and at their death the said Henry Garber to inherit and to have full possession. If the said Henry Garber dies and leaves no wife or children, the land hereby conveyed shall descend to the legal heirs of Frederick Buck. If said Henry Garber dies leaving a wife and no children, one-half of said land shall descend to his lawful wife and the other half to the lawful heirs of Frederick Buck. If said Henry Garber dies leaving a wife and child or children, said wife and children shall inherit the whole land as the law directs." Several years afterward Garber re-conveyed the premises to Buck by a quit-claim deed. In 1910 Buck began a suit in equity against Garber and his wife and children, averring that his deed to Garber was without consideration and had never been delivered, and that all of the language which has been quoted, following the words, "said grantors to have and to hold possession and use of said land during their natural lives," was inserted by mistake and without his knowledge. The bill prayed for the removal of the cloud upon the complainant's title. The decree of the circuit court which granted the relief prayed for was reversed at the February term, 1914, and the cause was remanded, with directions to dismiss the bill. (*Buck* v. *Garber, supra.*) On March 7, 1917, Buck died, leaving Emma Buck, his widow, (to whom by his will he gave all his property,) and his daughter, Luella Cutler, his only heir. After the probate of the will, Emma Buck, the widow and devisee, and Luella Cutler, the heir, conveyed the premises to Alvin R. Cutler, Luella's husband, by quit-claim deed, reciting, "the intent and purpose of this deed is to convey the absolute fee simple to said lands to the grantee and destroy any contingent remainders created by deeds executed by Frederick Buck, deceased, if such contingent remainders still exist." Thereupon Cutler conveyed the premises by quit-claim deed to his wife, Luella; they joined in a quit-claim deed of a life estate to Mrs. Buck; Mrs. Cutler conveyed an undivided half to her husband, and

they jointly filed the bill for partition against Mrs. Garber and her children. The circuit court held that Buck's deed conveyed a life estate to Garber with contingent remainders to his wife and children and the heirs of Buck and that a reversion in fee remained in Buck; that by the conveyance of Emma Buck, his devisee, and Luella Cutler, his heir, to Alvin R. Cutler, the contingent remainders were destroyed and Cutler became the owner of the premises in fee simple, and that by virtue of the subsequent conveyances he and his wife are each entitled to one-half the premises, subject to the life estate of Mrs. Buck.

The decree is based upon the hypothesis that the estate of Henry Garber was a life estate; that there were remainders to his wife and children and the heirs of Frederick Buck contingent upon conditions to be ascertained at the death of Garber; that in the meantime there remained a reversion in fee in Buck, and that by the conveyances mentioned the life estate merged in the fee and the contingent remainders were thus destroyed, as in the case of *Bond* v. *Moore,* 236 Ill. 576. In *Buck* v. *Garber, supra,* it was said that the deed from Frederick Buck was a present conveyance of a life estate to Henry Garber, with contingent remainders to his widow, (if he should marry and leave a widow,) to his unborn children and to the heirs of Buck. This statement was not required by any issue in the case, the judgment in no way rested upon it, and it is clearly wrong. The particular argument under discussion in the paragraph in which that statement occurs was, that the language of the deed which it was sought to eliminate amounted to a testamentary disposition of the property and was therefore void, and it was met by the proposition that there was no reason in law why a conveyance to a grantee for life, with remainder (if he leaves no widow or children) to the heirs of another, or if he does leave a widow, or both a widow and children, to her or to them, as the case may be, was not valid. The question considered was

whether the language was sufficient, in law, to pass the title presently as a deed of conveyance, and it was held that the words, though not accurately used, were sufficient to express the grantor's intention as to the manner in which the title should pass in the different events mentioned. The exact nature of the limitation, whether an executory interest or a contingent remainder, was not material and was not discussed but was erroneously assumed to be a contingent remainder. The material question in the case as to the conveyance was whether the language quoted was sufficient to show, under section 13 of the Conveyance act, that a less estate than a fee simple was limited by express words or appeared to be granted by construction or operation of law. It was contended that all the language quoted, except that reserving a life estate to the grantors, was ineffectual to limit the estate granted in any manner. That, and not the exact nature of the limitation, was the material question. Buck's contention was that his deed, if delivered, conveyed the fee simple to Garber. Garber disclaimed all interest and made no defense. His wife and children defended and claimed that the deed did not convey a fee simple to Garber but created future interests in them which were not vested in Buck by Garber's re-conveyance to him, and their contention was sustained.

Under sections 9 and 13 of the Conveyance act the deed to Henry Garber conveyed a fee simple except as the estate was limited by the language of the deed itself. (*Stoller* v. *Doyle,* 257 Ill. 369.) It was subject to three conditional limitations upon his death, dependent upon (1) his leaving no widow or children; (2) his leaving a widow and no children; (3) his leaving a wife and child or children. In any one of these cases the fee was ended. In the first case the land went to the heirs of Frederick Buck; in the second, one-half to the widow and one-half to the heirs of Buck; in the third, to the widow and children as the law directs. There is, however, a fourth case. Garber may sur-

vive his wife and leave children and no widow. The deed has created no limitation of the estate in such event. There is no restriction of his absolute ownership in that situation. His death under such circumstances will not end his estate but it will pass to his grantees, or, subject to his debts, will descend to his heirs or pass to his devisees. An estate in remainder is limited to take effect upon the termination of a particular precedent estate and not in abridgment of it. (*Stoller* v. *Doyle, supra.*) The estate conveyed to Garber may continue indefinitely and therefore is not a life estate. The future interests of his widow and children will take effect, if at all, in derogation of his estate created by the granting clause of the deed and therefore are not remainders but executory limitations.

It is argued that Henry Garber's estate in fee, being preceded by a life estate, will cease only if one of the contingencies shall happen during the existence of the preceding estate, in accordance with the rule that where an estate is limited after a particular estate, with a gift over upon the happening of an uncertain event, the gift over will take effect only upon the happening of the contingency during the existence of the particular estate. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11.) This rule, however, does not apply where the instrument creating the limitations shows an intention to refer the contingency to a later date than the termination of the particular estate. In this case there were two life estates preceding the limitation to Henry Garber: one to Fred Buck and the other to Emma Buck. The contingency upon which the gift over was limited was the death of Henry Garber leaving no wife or children, leaving a wife and no children, or leaving a wife and child or children. In the first contingency the gift over was to the heirs of Frederick Buck; in the second, one-half to the wife and the other half to the heirs of Frederick Buck. Since Frederick Buck could have no heirs in his lifetime, this gift to his heirs could not refer to death occurring in his lifetime,

Frederick Buck has died and Henry Garber has survived him; but this fact cannot affect the construction of the deed, for its meaning must be determined by the application of its language to the facts existing at the time of its delivery.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*