SAMUEL NEAVE *against* JOHN JENKINS.

Devise of several tracts of land to three sons, A, B and C, chargeable with certain payments, to be enjoyed by them their heirs and assigns forever ; "but if either of my sons die having no child or children, after the decease of such son or sons, the land I have given to him, shall be equally divided among all my other children, or their heirs," remainder over, is good by way of executory devise to a grand daughter, whose father died in the life-time of the testator.

THE plaintiff, on the 27th September 1796, recovered against the defendant, at Nisi Prius, at Lancaster, in an action of covenant, 429*l*. 4*s*. 8*d*. damages ; and it was agreed, that the verdict should be subject to the opinion of the court, on the will of John Jenkins deceased, as on a point reserved.

The testator had issue seven children ; to wit, David, John, Isaac, Joseph, William, George and Rebecca. George married

and died in the life-time of his father, leaving issue, Mary, who intermarried with the plaintiff.

John Jenkins afterwards, by his will, dated 25th August 1774, devised several tracts of land to his sons John, Isaac and Joseph, chargeable with the payment of divers sums of money, to his other children at different periods, " to be held and enjoyed by each respective son, his heirs and assigns forever."—Then follows this clause :—" It is also my will, that if any or either of my sons John, Isaac, or Joseph die having no child or children lawfully begotten, that after the decease of such son or sons, the land I have given to him or them, be equally divided among all my other children or their heirs, or to be sold and the money divided among them as aforesaid." He also (*inter alia*) gave to his grand daughter Mary, the daughter aforesaid of his son George, 100*l.* payable in instalments, by his son Joseph.

Isaac Jenkins died after his father, intestate and without issue; after whose death, the plaintiff and his wife, enter into articles to convey to the defendant, the wife's proportion of the real estate devised to her uncle Isaac, in consideration of 291*l.* 13*s.* 4*d.* payable at different times. The defendant insists, that Isaac took a fee simple, under the words of the will, and that on his dying intestate, he same descended on his heir at law.

The question therefore submitted to the court was whether Mary, the wife of the plaintiff, took any interest in the lands devised to Isaac, on his dying intestate and without children ? If the court should be of opinion, that she took such interest it was agreed that final judgment should be entered for the plaintiff; but if otherwise, for the defendant, as in case of a nonsuit.

Messrs. Ingersoll and J. B. M'Kean for the plaintiff, and Messrs. Montgomery and Hopkins for the defendant, submitted the point to the court without argument.

The chief justice pronounced the opinion of the court, that the limitation over was good, as an executory devise, the contingency not being too remote. The remainder was to take effect on the decease of any son, having no child or children, (7 Term Rep. 322. Weakley lessee of Knight and wife *v.* Rugg. Ib. 555. Wilkinson *v.* South. Ib. 589. Roe lessee of Sheers et al. *v.* Jeffery et al.) which was plainly confined to having no children at the time of such devisee's death, and was equivalent to the words, (3 Term Rep. 143. Porter *v.* Bradley. S. C. 2 Fearne. 206. 2 Fonbla. 97,) " if my son P shall die, leaving no issue behind him." No formal words were

necessary. (2 Burr. 770, 771. Prec. Cha. 69.) And the intention of the testator must govern, if consistent with the rules of law. 2 Burr. 1106, 1113, 1114. See Doug. 264, (2d edit.) Goodright lessee of Docking et al. v. Dunham et al.

Judgment for the plaintiff.