JAMES D. WADDELL *et al.*, plaintiffs in error, *vs.* RICHARD
H. LEONARD, executor, *et al.*, defendants in error.

A testator, by the first item of his will, gave a specific legacy to his two
grand-children, who were the children of a deceased daughter. By the
second item he gave a child's share to his wife, and by the third and fourth
items, certain legacies were given to each of his children as they married
or arrived at age. The fifth item directed the residue of his estate to be
kept together. for the benefit of his wife and children until the youngest
child married or arrived at age, and then to be equally divided amongst *his
children and their representatives.* The seventh item provides that should
any of his children die without issue, the portion of such children should
revert to his estate and go to the surviving children and the representatives
of such as may have departed this life :

*Held,* that the grand-children mentioned in the first item, being the represen-
tatives of a deceased daughter, took a share in the residue under the fifth
item.

Wills.    Before Judge JAMES JOHNSON.    Talbot Superior
Court.    September Term, 1874.

On the 24th of May, 1857, James P. Leonard made his
last will and testament, as follows :

. In the first item he gave six negroes to Thomas H. Sparks,
of Paulding county, to hold in trust to and for the separate

use and benefit of his two grand-children, Medora Sparks and James Martin Sparks, (children of a deceased daughter.)

In the second item he gave his wife, Martha Leonard, a child's part of his estate, with the privilege of taking such property as she might select.

In the third item he provided that as his children severally married or became of age, they were to receive $5,000 00, the same to be held by trustees for their use, etc., and appointed Alexander Leonard and R. H. Leonard trustees.

In the fourth item he provided that as his children married or became of age, they were to receive each ten negroes, to be held by said trustees for their use and benefit.

In the fifth item he provided that after the payment of the legacies, the rest of the property belonging to his estate was to be kept together for the support of his wife and children, and the education of his children, until his youngest child became of age, then to be equally divided between his children and their representatives, share and share alike.

In the sixth item he provided that in the event his wife died before his youngest child became of age, his executor might divide the residue of his estate among his children and their representatives, share and share alike.

In the seventh item he provided that if any of his children died, leaving no child or children, the share of such child was to revert and go to his surviving children and the representatives of such as may have departed this life.

In the eighth item he appointed Alexander K. Leonard and Richard H. Leonard, trustees for his children, and provided that said trustees should hold the property given to his children for their sole and separate use.

Not long after the making of the will Mr. Leonard departed this life and Richard H. Leonard, one of the nominated executors, propounded it for probate in Talbot county, where it was proven and admitted to record, and letters testamentary issued.

The executor paid the specified legacies to all the legatees mentioned in the will, and in 1867, after the youngest child

had become of age, he divided the residuum of the estate among the children of the testator, paying no part of it to the grand-children.

To the September term, 1873, of the superior court of Talbot county, Medora Sparks and James Martin Sparks, the grand-children, together with James D. Waddell, who had married Medora, filed a bill against the executor and the children for an account and settlement, claiming that under the will, they were entitled to a distributive share of the residuum of the estate.

Upon demurrer the bill was dismissed and complainants excepted.

L. E. BLECKLEY; BLANDFORD & GARRARD; WILLIS & WILLIS, for plaintiffs in error.

E. H. WORRILL; N. J. HAMMOND, for defendants.

TRIPPE, Judge.

There is no allegation in the bill of any facts *aliunde* the will, to aid in its construction, to-wit: nothing appears as to any advancement having been made to the mother of complainants, which added to the legacy given to them, would equalize that share with the share given in the third and fourth items to the living children. If such was the fact, if the intention of preserving *equality* in the division of testator's estate to all who were or had been the objects of his love and bounty could be shown, it would tend to strengthen the conclusion to which we have come. But it does appear that the testator did remember the children (the complainants,) of his deceased daughter, referred to them as such, and in the first item of his will gave them what was at the time a valuable legacy. The other children seem to have been under twenty-one years of age and unmarried—for the legacy to them, except a support, was to be enjoyed when they respectively married or attained the age of twenty-one. They were each to have, not only a larger portion of the specific kind of

property that was given to the grand-children than those grand-children took, but also the sum of $5,000 00. It is quite probable that the purpose of the testator in this, was to preserve equality between them and what he had advanced to his deceased daughter in her lifetime, and had given to her children by the will. As his living children were to be maintained out of his estate until their marriage or majority, when they were to receive their allotted portions, the bequest to the grand-children was to go to their use at once.

After the youngest child became of age, the residue of testator's estate was to be divided equally between his children and their representatives, share and share alike. In determining that the grand-children took a share in the residue, we do not rest the construction on the ground that the term "children" included them. The rule is that the word "children," does not ordinarily comprehend grand-children, and only does so when the will would otherwise remain inoperative; or where the testator's intention is shown by other words, that the term was not used in its proper and actual meaning, but in a more extensive sense: 1 Rop. on Leg., 68. But here the testator goes further. He provides for an equal division of the residue between his children and their representatives. This is in the fifth item. In the seventh item where he provides for the disposition of such portions as might revert to his estate on the death of a child leaving no child or children, he directs that it shall go to his surviving children and the representatives of such as may have departed this life. It could scarcely be claimed that this last item would not include all deceased children, independent of the fact whether they died before or after the execution of the will; and it is not probable or reasonable that he would have included predeceased children in that item and excluded them in the other. It was said by the vice chancellor, in Giles *vs.* Giles, 8 Simons, 360, which will be again referred to, "in all cases like the present, it may be reasonably supposed that the testator intends as much to provide for his grand-children by a deceased

child as he does for his grand-children by a child then living, but who may thereafter die."

In Neave *vs.* Jenkins, 2 Yeates, 414, the devise was of land to testator's three sons, John, Isaac and Joseph, " but if either of my sons die, having no child or children, after the decease of such son or sons, the land I have given them shall be equally divided among all my other children, or their heirs." There had been seven children, but one had died before the execution of the will, leaving a daughter. The point was not made in the case, whether, as her father died before the will was made, she was included at all—that seems to have been conceded. Another question was raised, that the limitation over was void on the ground that the contingency was too remote. But that was ruled in her favor, and it was held that the remainder was good by way of executory devise to a grand-daughter whose father died in the lifetime of the testator. It is so stated in the head-note to the case, and it seems that her right was not denied except on the ground stated. The case of Jarvis *vs.* Pond, 9 Simons, 549, was as follows : Testatrix had two sons and two daughters living, and another son and daughter, both of whom were dead at the date of the will, leaving children. She gave a legacy to each of the living children, and the residue to one of the daughters, Mary, and added, " and after her death I will that the said property be equally divided amongst such of my sons and daughters as may be living at the decease of the said Mary, and in case of the decease of any of my sons or daughters, the surviving children of any of my sons or daughters to have their father's or mother's part." It was held that the children of those who were deceased at the date of the will were entitled to share in the residue. So in Giles *vs.* Giles, *supra*, " the testator bequeathed his residue in trust for all his children living at the decease of his wife, and if any such children should die before his wife, and should leave issue, then the children of such, his son or daughter, should be entitled to the portion of such, his son or daughter, who might be deceased before the decease of his wife, provided that until the portion thereby provided for any

Waddell *et al. vs.* Leonard *et al.*

of the said children of his said sons or daughters who might have died before their mother, should become vested, it should be lawful for his trustees to apply the interest of the portion to which any such child might be entitled in expectancy for the maintenance of such child." The testator, at the date of his will, had four sons and one daughter, and he had another daughter who was then deceased, leaving children who survived the testator. Those children were held to be entitled to a share of the residue. Each of these cases illustrates that courts are quick to construe wills where there is ground for it, so that the issue of any child a testator may have or may have had, whether such child die before or after his death, shall participate in the bounty provided for his grand-children. It was in this latter case that the observation was made by the vice chancellor, which was quoted in reference to the intention of testators in the provisions they make for grandchildren. There is nothing in this case why it should not apply to the parties under this will as well as any other. The bill should have proceeded to a hearing, and there was error in dismissing it.

Judgment reversed.