(No. 15922.—Decree affirmed.)

BENJAMIN M. ROGERS *et al.* Appellees, *vs.* LOUISA P. ROGERS, Appellant.

*Opinion filed April 14, 1924.*

1. WILLS—*whether the word "representatives" is to be taken in technical sense depends on intention.* Whether the word "representatives," used to designate legatees or devisees in a will, is to be taken in its primary sense of executors and administrators, or in a more enlarged sense as including heirs, distributees and assigns, is a question of intention, to be determined under the rules of interpretation of wills.

2. SAME—*when word "representatives" does not include widow as executrix of deceased child.* Where a testator gives his estate to his wife and provides that at her death or re-marriage it shall go to his "children that may be then living or to the representatives" of any children that may die before distribution of the remainder, the representatives of a deceased child being "entitled only to the parent's share," the reference to the "representatives" taking the parent's share indicates that the word was not intended to be used in its technical sense but was intended to refer to lineal descendants, and the widow of a deceased child takes no interest as executrix of such child's will. (*Gruenewald* v. *Neu*, 215 Ill. 132, distinguished.)

3. SAME—*when the widow does not take as heir of contingent remainder-man.* Where a testator gives his estate to his wife for her life with a remainder to such of his children as are living at her death, the widow of a child who died before the life estate terminated cannot take any interest in the devise as heir of the deceased child, as such child's interest was contingent upon his being alive at the time of the death of the life tenant.

APPEAL from the Circuit Court of McDonough county; the Hon. GEORGE C. HILLYER, Judge, presiding.

R. E. LYBARGER, and WALLACE A. WALKER, for appellant.

JOHN C. LAWYER, and ANDREW L. HAINLINE, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees filed their bill in the circuit court of McDonough county to construe the will of Henry F. Rogers, deceased, and to quiet title to certain property devised thereby. The bill sets out that the appellant claims an interest in the property devised by the testator as the widow of one of his sons and as the executrix and sole devisee and legatee of the deceased son. The bill also sets out the will and alleges that appellant has no interest in the estate of Henry F. Rogers, deceased. Appellant filed a demurrer to the bill, which was overruled, and as she abided her demurrer, a decree was entered construing the will and granting the relief in accordance with the prayer of the bill.

Henry F. Rogers executed his will on May 3, 1910. On August 27, 1913, he executed a codicil thereto, the only change in which was to bequeath $800 to his daughter Bertha in addition to her share as given under the will. The codicil therefore is of no importance here. The testator died June 25, 1915, leaving surviving him Christina, his wife, and seven children: Jacob, Benjamin M. and Edward J., his sons, and Adelaide Wilke, Mary M. Vogle, Kate Albrecht and Bertha Kassing, his daughters. By the second clause of the will he gave, devised and bequeathed to his wife, Christina, for her life, or so long as she should remain his widow, all his property, real and personal, and provided that "at the death of my said wife or re-marriage, I give and bequeath all my real and personal estate to my children that may be then living or to the representatives of any of my children that may die before the distribution of my said estate remaining, thereby that each of my chil-

dren shall have share and share alike and that the representatives a deceased child shall among them be entitled only to the parent's share." The will further directs that the executors named, upon the death or re-marriage of the widow, shall take charge of the estate, and shall, in the case of her re-marriage, set off and deliver to the widow the property to which she would be entitled under the statute and to distribute the remainder of the estate in accordance with the provisions of the will. The son Jacob died in the State of Oklahoma on July 12, 1915, leaving no child or children or descendants thereof, but leaving Louisa P. Rogers, the appellant, his widow. By his will he devised and bequeathed to her all his real and personal property. His will was admitted to probate in the State of Oklahoma. Adelaide Wilke died on August 1, 1915, leaving William Wilke, her husband, and Christine Shoemate, her only child. The father quit-claimed any interest which he might have, to his daughter, Christine, and so is not interested in the questions involved here. Mary M. Vogle died May 15, 1919, leaving surviving no husband, child or children or descendants of child or children. Christina Rogers did not re-marry, and died May 22, 1922. Since the death of the widow appellees have been in possession of this property, which consists of 172 and a fraction acres of land in McDonough county, and personal property of the value of approximately $500.

Appellant claims that as the representative of Jacob Rogers, her husband, she is entitled to one-sixth of the estate devised by Henry F. Rogers, or if the term "representatives" in the will be not construed to include her as executrix under her husband's will, then it is to be construed as including heirs, and as his heir she is entitled to one-half his interest in the property, or one-twelfth of the estate.

The decree construes the will as devising all of the property to the widow, Christina, during her life or until she

re-marries, and that on her death the property vested in fee in the children of the testator at that time living, and in case of the death of any child of the testator before the death of the widow, leaving a child or children, the share of such deceased child of the testator goes to the lineal descendants of such child of the testator *per stirpes,* and in case of the death of any child leaving no child or descendants of a child, the interest of such deceased child of the testator passed by the will to the children of the testator then living and to the child or children of a deceased child of the testator, the latter taking *per stirpes* a parent's share, and that appellant took nothing under the will.

The only question involved in the case is as to the meaning of the term "representatives," as used in the following language of the will: "or to the representatives of any of my children that may die before the distribution of my said estate remaining, * * * and that the representatives a deceased child shall among them be entitled only to the parent's share." Appellant contends that the word "representatives" is to be construed in its technical meaning, and that so construed she takes the interest of Jacob Rogers, deceased, as executrix of his will, and that if this be not true, the correct construction of the term "representatives" is to be that of "heirs," and that since she is an heir of Jacob Rogers, she would take, as such, one-half of what he was entitled to. Appellees' contention is that the word "representatives," as used in the will, means children or lineal descendants.

In *Gruenewald* v. *Neu,* 215 Ill. 132, it was held that where a devise of a contingent remainder subject to a life estate is to a living person, and if dead at the time of distribution then to his representatives, and the remainder-man dies during the life of the life tenant, leaving a wife surviving him, who by the terms of his will is sole devisee, legatee and also executrix, such widow, as executrix, becomes

vested, as his remainder-man, of such remainder upon the death of the life tenant. That case was decided on the grounds of estoppel arising on the facts as set out in the opinion. In the opinion, however, it was held as here indicated, and that where there is nothing in the context of the will to alter the strict technical meaning of the words "legal representatives" they will be given such technical meaning; that the primary and ordinary meaning of the term "legal representatives" is executors and administrators. It is, however, there said, that the question whether such term ought to be taken in its primary sense of executors and administrators, or in a more enlarged sense as including heirs, distributees and assigns, is a question of intention, to be determined under the rules of interpretation of wills. In that case there was nothing to indicate the use of the term "legal representatives" in any other than its technical sense.

It has been so many times said by this and other courts as to need no citation of authorities, that the cardinal rule in construing a will is to ascertain the intention of the testator; and this, where it can be done, is to be determined from the four corners of the instrument, giving to each sentence and phrase its ordinary meaning. The will should be so construed as to give effect to that intention where to do so does not contravene some existing law.

Appellees concede that a devise or bequest to a legal or personal representative means, *prima facie,* his executors or administrators, but it is contended that this rule is to give way to the testator's intention where the same is shown by the language of the will; that here the language, "that the representatives a deceased child shall among them be entitled only to the parent's share," shows by the use of the words "the parent's share" that the testator intended that the representatives to take were the children, as only children could take a parent's share. The will is inartificially drawn. It is evident, however, that the testator in-

tended by the sentence last quoted to say that the representatives of a deceased child shall be entitled only to the parent's share.

While the construction of the word "representatives" in wills containing language tending to indicate a use different from the technical use of the word has not been before this court, such construction has come before the courts of other States. In *Miller* v. *Metcalf,* 77 Conn. 176, the will gave a legacy to each of the nephews and nieces of the testator's wife "who shall be living, or whose legal representatives shall be living, at the time of her death." The words "legal representatives" were there held to mean children or lineal descendants. So in the case of *Staples* v. *Lewis,* 71 Conn. 288. In *Davies* v. *Davies,* 55 Conn. 319, the will provided that one-fifth of the share given to the testator's son Cornelius should be held in trust and the income paid to him during his life, and that at his death the same should go to his representatives who should be entitled to his personal estate. The court there held that "representatives" meant next of kin who would be entitled to the estate by consanguinity, and not to his widow, who was executrix and sole legatee and devisee under his will. "Representatives" was held to mean descendants in *Styth* v. *Monro,* 6 Sim. 49. In *Waddell* v. *Leonard,* 53 Ga. 694, the testator provided that his estate be kept together for the support of his wife and children until the youngest became of age, and then to be divided among his children and their representatives, share and share alike. The court held that the children of a deceased daughter were the representatives of such daughter. In *Howell* v. *Gifford,* 64 N. J. Eq. 180, the testator gave his wife a life estate with remainder to his children, and provided that if any child died without leaving issue, then the share of his surviving son in such decedent's proportion shall be paid to such surviving son or his heirs or legal representatives. It was there held that the context of the will showed that the word "representatives" was intended

to be used as next of kin. In *Bowen* v. *Hackney,* 136 N. C. 187, the testator gave to his wife a life estate, the property at her death to be equally divided among the testator's children, share and share alike, "the representatives of such as may have died to stand in the place of their ancestors." It was there held that the use of the word "ancestors" in connection with "representatives" showed that the latter included only lineal descendants, and that a surviving spouse of one of the children, as sole devisee of such child, took nothing by the will. In that case the word "ancestors" was held to qualify the meaning of the word "representatives."

In this case the language of the will giving to the representatives of the deceased child of the testator the parent's share, indicates that the word "representatives" was not intended to be used in its technical sense but was intended to refer to lineal descendants. Indeed, if appellant's construction of the term "representatives" were to be applied to the share of Adelaide Wilke, who died leaving a daughter, Christine Shoemate, the executor or administrator of Adelaide would take in preference to the daughter,—a situation which no one in this case contends was intended. We are of the opinion that the word "representatives" in this will is to be construed as meaning children or lineal descendants, and that the chancellor did not err in so holding.

Nor does appellant take anything as heir of Jacob Rogers, deceased, as the interest of Jacob was contingent upon his being alive at the time of the death of the life tenant. He died during the life of the life tenant, and therefore at no time took any share in the estate under the will and had no interest which appellant could take as his heir.

The decree of the chancellor in this case was right, and it will be affirmed.

*Decree affirmed.*