(No. 15968.—Decree affirmed.)

HEINRICH MELIES *et al.* Plaintiffs in Error, *vs.* RAYMOND H. BEATTY *et al.* Defendants in Error.

*Opinion filed October 28, 1924.*

1. WILLS—*a will must be construed according to the intention therein expressed.* The testator's intention must be determined from the language of the will, and the object of construction is to ascertain the intention expressed in the language used and not an intention which the testator may be supposed to have had in mind but did not express.

2. SAME—*when devise vests fee simple title in testator's wife.* A devise of all real estate and personal property to the testator's wife, "to have full control" after his death, vests a fee simple title in the wife, notwithstanding a subsequent provision that if the "wife before her death is so disposed, she can give" to another devisee named all the remainder of the estate, as the subsequent provision does not limit the wife's power to dispose of the estate but merely expresses approval of the suggested disposition.

3. SAME—*intention to limit estate already given must be clearly expressed.* Where an estate is given by one clause of a will it can not be cut down or taken away by a subsequent clause except by clear and unambiguous terms.

4. SAME—*construction giving estate of inheritance to first taker is favored.* Courts are inclined to adopt that construction of a will which will give an estate of inheritance to the first devisee unless limiting or qualifying clauses in the will disclose a clear intention to limit or qualify the estate devised.

5. SAME—*testator is presumed to have intended to dispose of all his estate.* A testator is presumed to have intended to dispose of all his estate, and unless it clearly appears to the contrary a court will adopt any reasonable construction of a will rather than hold that a testator intended to die intestate as to any of his property.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. T. M. JETT, Judge, presiding.

W. B. McBRIDE, and L. G. GRUNDY, for plaintiffs in error.

WALTER M. PROVINE, and HARRY B. HERSHEY, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The following will was admitted to probate in the county court of Christian county on August 2, 1898:

"STATE OF ILLINOIS, *Christian County, June 27, 1898.*

"In the name of God, Amen. I, Weert H. Meyer, of the town of Ricks, in county of Christian and State of Illinois, of the age of fifty-three years, and being of sound mind and memory, do make, publish and declare this my last will and testament in the manner following, that is to say:

"First, I give and bequeath to my wife, Antje Meyer, all my real estate and personal property, to have full control after my death, and I appoint her as executrix of this my last will and testament. After my wife's death I want my brother, Rolf Meyer, to have the sum of twenty dollars as his part of my estate. And I give and bequeath to Lynde Lamberterts, my wife's sister, the sum of two hundred dollars as her part of my estate. And I give and bequeath to Henry Meyer the sum of one thousand dollars at my wife's death, and if my wife before her death is so disposed, she can give to him, the said Henry Meyer, all of the remainder of my estate.

"In witness whereof I have hereunto set my hand and seal this 27th day of June, A. D. 1898.          WEERT MEYER. (Seal)"

The testator owned 110 acres of land in Christian county. His wife, Antje Meyer, survived him and on January 2, 1900, married John M. Martens. She died intestate on February 3, 1922, having no descendants but leaving besides her husband the children or descendants of her deceased brothers and sisters, as her heirs. Martens brought suit in partition, making the other heirs of his wife defendants but not the heirs of Weert H. Meyer. The suit resulted in the sale and conveyance by the master in chancery of the east half of the real estate to Raymond H. Beatty and of the west half to Rupert E. Beatty. The heirs of Weert H. Meyer afterward filed their bill in the circuit court of Christian county against Raymond H. and Rupert E. Beatty for partition of the real estate. Henry Meyer, named in the will, was the son and only heir of a deceased sister of Antje Meyer, who had been brought up from infancy by the testator and his wife in their home and continued with

Antje after the death of the testator. These facts appear from the bill and answer. The complainants filed exceptions to the answer, which were overruled. The cause having been heard on bill and answer, a decree was entered dismissing the bill for want of equity, and the complainants have sued out a writ of error.

The sole question in the case arises on the construction of the will,—whether it gave to Antje the fee of the real estate, or only a life estate with power to give the remainder to Henry Meyer before her death. If the will gave her a life estate, only, the power not having been exercised at her death, the property descended to the heirs of the testator as intestate property.

The first disposition made by the will, "I give and bequeath to my wife, Antje Meyer, all my real estate and personal property, to have full control after my death," is sufficient, under section 13 of the act concerning conveyances, to vest the fee simple in Antje, and will be given that effect if a less estate be not limited by express words or does not appear to have been devised by construction or operation of law. There are no express words of limitation. The plaintiffs in error argue that the words, "to have full control after my death," added to the language which has been quoted, were clearly intended to restrain and modify the preceding words, for they were unnecessary if such preceding words were intended to devise the fee and useless unless they limit the estate. Similar words added to a like devise were held not to limit the estate devised in *Glass* v. *Johnson,* 297 Ill. 149, and *Read* v. *Adams,* 280 id. 142. In the case first cited, the devise was of all the testator's real estate "to my wife, Emma Glass, she to have the right to convey, sell or dispose of it or mortgage it, or any part of it, as she may desire." In the other case the devise was to the wife of "the homestead where we now reside, * * * she to have full power to sell all or part of said lots, as she thinks best."

It is further contended that the final expression in the will after the bequest of $1000 to Henry Meyer at the testator's wife's death, "if my wife before her death is so disposed she can give to him, the said Henry Meyer, all of the remainder of my estate," is an unequivocal expression of the intention of the testator, which explains the language of the devise to his wife to mean that she should have freedom of control of the property during her life but only a limited power of disposition of the remainder of the estate to Henry Meyer. The testator's intention must be determined from the language of the will, and the object of construction is to ascertain the intention he has expressed by the language used, and not an intention which he may be supposed to have had in his mind but did not express by the words he has used. The language of the will, as has been stated, clearly devised a fee to the wife, and that must be presumed to be the intention of the testator. The power to give the estate to any person was an incident of that fee, and the devisee needed no further authority from the testator to make such gift. The language of the last clause of the will was no doubt used by the testator, after providing the bequest to Henry, to express his approval of his wife's increasing the gift to Henry if she saw fit.

The rule of construction is, that when an estate is given by one clause of a will it cannot be cut down or taken away by a subsequent clause except by clear and unambiguous terms,—as clear as the language of the clause giving the estate. (*Roberts* v. *Roberts*, 140 Ill. 345.) The language in question here falls far short of that degree of clearness. Another rule is, to adopt the construction of a will which will give an estate of inheritance to the first devisee unless limiting or qualifying clauses in the will disclose a clear intention to limit or qualify the estate devised. (*Becker* v. *Becker*, 206 Ill. 53; *Kohtz* v. *Eldred*, 208 id. 60.) Still another rule is, that a testator in making his will is presumed to have intended to dispose of all his es-

tate, and unless it clearly appears to the contrary a court will adopt any reasonable construction of a will rather than hold that the testator intended to die intestate as to any of his property. *Eyer* v. *Williamson,* 256 Ill. 540; *DesBoeuf* v. *DesBoeuf,* 274 id. 594; *Wiltfang* v. *Dirksen,* 295 id. 362.

The decree will be affirmed.