(No. 17056.—Decree affirmed.)
DANIEL K. McCLURE, Appellant, *vs.* MAGGIE B. McCLURE *et al.* Appellees.

*Opinion filed December 16, 1925.*

1. WILLS—*intention of testator must be ascertained from entire will.* The intention of the testator is to be gathered not from one clause of the will, alone, but from a view of the will as a whole and all of its parts, bearing in mind the plan of the testator as expressed in the entire will.

2. SAME—*testator is presumed to have disposed of all his property.* A testator is presumed to have made a will for the purpose of disposing of all of his property and to have had no intention to die intestate as to any portion of it; and this presumption arises from the words employed in the will itself, in the light of the circumstances surrounding the testator at the time the will was drawn.

3. SAME—*a later clause must be clear to abrogate a preceding clause.* In construing a will or in determining whether there is an ambiguity therein, a later clause will not be held to control preceding language of the will as being repugnant thereto unless it is clear and unambiguous.

4. SAME—*when words omitted from a will may be supplied.* Where it is plain that certain words have been omitted from a will the insertion of which would effectuate the testator's obvious intention, such words may be supplied.

5. SAME—*when subsequent clause will not be held to render a will ambiguous.* Where a testator has devised all of his real estate to his wife, particularly mentioning and describing certain

tracts, a subsequent sentence in the same clause of the will declaring that all real estate of which the testator shall die seized and possessed, "other than aforesaid described tracts," shall go to the wife as her absolute property, cannot be held as rendering the entire devise ambiguous but only shows the intention to include property acquired after the execution of the will.

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

HERRICK & HERRICK, for appellant.

GEORGE M. THOMPSON, and REDMON & REDMON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in the circuit court of Piatt county for partition and the construction of the last will and testament of John McClure, deceased. The appellees, Maggie B. McClure, widow of John McClure, and Charlie Baker, administrator with the will annexed, demurred to the bill. The demurrer was sustained and the bill dismissed for want of equity.

The bill seeks construction of the third clause of the will, which is as follows:

"*Third*—I give, devise and bequeath unto my beloved wife, Maggie B. McClure, all real estate of whatever kind and wherever situated, of which I die seized and possessed for her sole and absolute property to do with as she wishes. By this bequest and devise I include [describing four tracts of land.] It is my will that under this said clause third, all real estate of which I die seized and possessed other than aforesaid described tracts shall go to my wife Maggie B. McClure as her absolute property."

The bill alleges that this third clause is so uncertain and ambiguous that it is ·not sufficient to pass title, and that John McClure died intestate as to all his real estate; or,

as an alternative, that if it was sufficient to pass title, then
the entire clause is governed by the last sentence thereof.

It is shown by the bill that at the time of the making
of the will the testator had four tracts of land and that
after the will was made he acquired another tract. The
four tracts are described in the third clause of the will by
legal description. Appellees contend, and make it a ground
of demurrer, that the language of the will is so plain as not
to require construction.

There are certain rules pertaining to the construction of
wills which must be borne in mind not only in the construc-
tion of a will that is ambiguous, but in determining whether
or not the will is so ambiguous as to require construction.
The first rule in all cases is that the intention of the testator
is to be determined from the entire will, and that intention
is to be given effect unless it is contrary to public policy or
established rules of law. The testator's intention is to be
gathered not from one clause of the will, alone, but from
a view of the will as a whole and all of its parts, bearing
in mind the plan of the testator as expressed in the entire
will. (*Rogers* v. *Rogers,* 312 Ill. 122; *Tucker* v. *Tucker,*
308 id. 371; *Nixon* v. *Nixon,* 268 id. 524; *Spencer* v.
*Spencer,* 268 id. 332; *Black* v. *Jones,* 264 id. 548; *Wag-
ner* v. *Wagner,* 244 id. 101; *Morrison* v. *Schorr,* 197 id.
554.) Another familiar rule of law in the construction of
wills is, that the testator is presumed to have made a will
for the purpose of disposing of all of his property and that
he does not intend to die intestate as to any portion of it.
This presumption is to arise from the words employed in
the will itself, in the light of the circumstances surrounding
at the time the will was drawn. (*Melies* v. *Beatty,* 313 Ill.
418; *Watts* v. *Killian,* 300 id. 242; *Alford* v. *Bennett,* 279
id. 375; *Guerin* v. *Guerin,* 270 id. 239; *Eyer* v. *William-
son,* 256 id. 540; *Reed* v. *Welborn,* 253 id. 338.) An-
other rule to be observed in the construction of wills and
in determining whether there is an ambiguity therein is,

319—18

that a later clause to be said to control preceding language of the will as being repugnant thereto must be clear and unambiguous. (*Melies* v. *Beatty, supra; Field* v. *Field,* 297 Ill. 379; *Kohtz* v. *Eldred,* 208 id. 60; *Roberts* v. *Roberts,* 140 id. 345.) With these rules in mind we come to a consideration of the language of this clause of the will.

By the first sentence of clause 3 the testator gives his wife, Maggie, all his real estate of which he might die seized. To that he adds, evidently for more certainty, the description of the four tracts of land which he then owns. This is followed by the language in the same clause, that "it is my will that under this said clause third, all real estate of which I die seized and possessed other than aforesaid described tracts, shall go to my wife Maggie B. McClure." It seems to us that there can be no doubt as to the construction that is to be placed on this language. It is as though the testator had inserted the word "and" before the last sentence of that clause. He evidently was advised or thought it necessary to add the last clause of the will in order to cover property thereafter acquired by him. Where it is plain that certain words have been omitted from the will the insertion of which would effectuate the testator's obvious intention, such words may be supplied. (*Jordan* v. *Jordan,* 281 Ill. 421; *Lash* v. *Lash,* 209 id. 595; *Winter* v. *Dibble,* 251 id. 200; *Glover* v. *Condell,* 163 id. 566.) This seems so clear as to admit of no doubt, and there can therefore be said to be no ambiguity in the language of the will, and the chancellor was right in so holding.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*